JACKSON, impl., etc. *v.* McMURRAY.

1. Where an issue has been twice found for the plaintiff by a jury, their verdict should not be disturbed unless it is clearly unsupported by evidence.

2. To admit in evidence a certificate of entry of a register of the U. S. Land Office, proof of the signature of the register is necessary.

*Appeal from District Court of Gilpin County.*

THE case is stated in the opinion.

Mr. L. C. ROCKWELL, for appellant.

Messrs. H. M. & W. TELLER, for appellee.

ELBERT, J. This was an action of ejectment, brought by the appellee to recover the possession of mining claims Nos. 16 and 17 west, on the Gregory Lode.

A trial was had at the May term, 1875, resulting in a verdict for the plaintiff.

The evidence on behalf of the plaintiff below showed, more or less conclusively, the actual possession and occupancy of these claims by James Graham, from 1860 to 1864; afterward the possession and occupancy of Thomas Graham, one of his heirs, until he was forcibly ejected from the property, in 1865. Joseph Graham appears to have occupied the property, from 1860 until some time in 1861, in connection with his brother James.

With this title by occupancy and possession, the plaintiff below connected himself, by conveyance from the heirs of James and Joseph Graham.

The evidence on the part of the defendant tended to show possession of the premises, on the part of the defendant's grantors, as early as 1860.

The evidence is conflicting as to which was the prior possession.

This issue has been twice found in favor of the plaintiff, by a jury; and their verdict should not be disturbed, unless

it is clearly unsupported by the evidence. That such is the case there can be no claim.

We need not inquire whether the deeds, admitted in evidence on behalf of the appellee, to show paper title in the Grahams, were properly admitted or not, as, independent of these deeds, there was sufficient to warrant a finding in favor of the plaintiff.

The offer of the defendant, to show, by the certificate of the register of the United States Land Office, that the property in dispute had been entered by the Consolidated Bobtail Gold Mining Company, since the commencement of the suit, was properly rejected. There was no proof of the signature of the register, and this was necessary to entitle the certificate to admission. *Fail et al.* v. *Goodtitle*, Breese, 201.

Had proof of signature been made, the question of its admissibility, except under a plea of *puis darrein continuance*, would still have remained to be determined.

We find no valid objection to the instructions of the court. They were as favorable to the defendant as he was entitled to ask.

The judgment of the court below is

*Affirmed.*