Gunter, J.
In the evening, just after dark, appellee was *205 driving in a single buggy along an avenue of appellant city when a tree was felled by its employees in the avenue, striking and so frightening the horse driven by her that it overturned the buggy and threw her to the ground, whereby she was injured. She sued to recover for the injuries, had judgment, and 1he case is here.
Appellant assigns error in the giving of instruction No. 6, and in the refusal of an instruction set out in the third ground of its assignment of errors.
There was evidence strongly tending to show negligence by the employees of appellant in felling the tree without taking greater precaution to protect against its falling on those who might be traveling the avenue. There was some evidence, if credited, tending to show that appellee was' guilty of negligence contributing to the accident involved. There were only two questions for the jury: (1) Were the employees of appellant guilty of negligence in felling the tree without taking greater precaution to protect those traveling the avenue at the time of its fall! (2) Was appellee guilty of such negligence contributing to the accident as to preclude a recovery!
If the law applicable to these issues was fully and correctly given the jury through the instructions considered as a whole, then no prejudice was worked by the giving of instruction No. 6, or by the denial of the refused instruction.
“In construing a charge, each instruction is to be considered in connection with the entire charge, and, if considered as a whole, this court is satisfied that the jury was not improperly advised as to any material point in the case, the judgment will not be reversed on the ground of an erroneous charge.”— McClelland v. Burns, 5 Colo. 391, 395; Dozenback v. Raymer, 13 Colo. 451, 455; Stewart v. Kindall, 15 Colo. 540, 543; The Little Dorritt Gold Mining Co. v. *206 Arapahoe Gold Mining Co., 30 Colo. 431, 439; Davis v. Shepherd, 31 Colo. 141, 151.
It was the duty of appellant’s employees in felling the tree to use such care for the protection of appellee in its oversight of the avenue in question as an ordinarily prudent and careful person would have exercised under like circumstances. The jury was clearly told in instruction No. 4, that this was the duty of appellant, and in instructions 2, 3, 4, 5 and 7, that proof of the violation of this duty was essential to a. recovery by appellee. The jury was plainly told through the instructions considered as a whole that the duty of appellant in felling the tree was to.use reasonable and ordinary care to avoid injury to those traveling the avenue; that if such duty was observed there was no liability, if not, there was, unless defeated by the alleged contributory negligence of appellee. The statement in instruction No. 6, ‘ ‘ That it is the duty of the city to see that its streets are in a safe condition for traveling” could not, when read in connection with the other instructions specifically directed to the facts in evidence,. have misled the jury and caused it to believe that appellant was an insurer of the safety of the avenue and liable for injuries inflicted by the falling tree, regardless of the question of negligence.
The denied instruction, upon the refusal of which error is assigned, charged that it was incumbent upon appéllee to show by a preponderance of the testimony that the horse'she was driving was ordinarily gentle, before she could recover.
This burden was not upon appellee. It was the duty of appellant’s employees to be careful in felling the tree, and this whether the horse driven was ordinarily gentle or not, and it was liable for injuries resulting proximately from its negligence in' felling the tree,- whether the horse of appellee was ordinarily *207 gentle or not, provided appellee was free of contributory negligence; . If appellee was knowingly driving an unsafe horse, such fact would go to the defense of contributory negligence.. Upon this defense the jury was fully and correctly instructed.
~We think the court committed no prejudicial error in giving instruction No. 6, or error in refusing the denied instruction.
Judgment affirmed. Affirmed.