[No. 6425.]

## EMPIRE RANCH AND CATTLE CO. v. LANNING.

1. TAX TITLES—*Void Deed*—A tax deed founded on a sale to the county and an assignment of the tax sale certificate by the county clerk, made more than three years after the date of the sale, is void.

So also is a deed rounded on a sale to the county made on the first day of the sale.

2. EVIDENCE—*Record of Tax Sales*—The record of a tax sale is admissible to show the actual date of the sale of particular lands, falsifying a tax deed which recites a different date.

3. QUIETING TITLE—*Plaintiff's Title*—A decree quieting in plaintiff the title to lands to which he shows no title is error.

4. ——*Plaintiff's Possession*—*Prima facie* proof of title in fee carries with it constructive possession, where there is no actual adverse possession, and is sufficient.

5. EVIDENCE—*Receiver's Receipt*—A paper purporting to be the receipt of the receiver of the United States Land Office, for entry money of lands is not evidence of title, in the absence of evidence of its authenticity and genuine character.

*Appeal from Washington District Court.*—Hon. H. P. BURKE, Judge.

Mr. R. H. GILMORE, Mr. J. C. GUNTER, for appellant.

Mr. JOHN F. MAIL, for appellee.

Mr. ISAAC PELTON, Mr. E. T. WELLS, *Amici Curiae.*

Mr. JUSTICE BAILEY delivered the opinion of the court:

There were two suits, numbered 163 and 172, respectively, consolidated for trial, entitled *W. H. Lanning against The Empire Ranch and Cattle Company*, in the district court of Washington county, to quiet title, on complaints in the usual form. In cause No. 163 the land involved was the southeast quarter of section 1, township 5 south, range 49, formerly in old Arapahoe county, but at the beginning of the suit in Washington county. Five quarter sections of land are involved in cause No. 172. The answers, with amendments, set up several defenses, including general denials. In cause No. 163 the defendant claimed title to the land on tax deed for taxes of 1895, sale in 1896. The assignment of the certificate of purchase was by the county clerk, more than three years after its issuance. The treasurer's deed was made and filed for record February 13, 1901. By supplemental answer the defendant alleged the issuance of a later tax deed, conveying the same land, based on the same sale. By replication the allegations of the answer, and amendments thereto, are denied. Replying specially to the supplemental answer, it is alleged that the later tax deed is void, because no affidavit of publication was filed, as by law required, and that no affidavit by the treasurer was ever filed showing the posting of notices and lists.

Of the lands described in cause No. 172, four quarter sections are situate in the northern part of Washington county, and one in the southern portion thereof, the latter having been formerly in the old county of Arapahoe. The answer in this suit, as to the land formerly in Arapahoe county, is substantially the same as the answer to the complaint in cause No. 163, defendant relying upon the same tax deed as in that case.

The answer as to the four tracts in the northern part of Washington county claims title in defendant, through tax deeds on sale for taxes in that county in October, 1896, all filed for record January 20, 1901. Also a later deed, based .

upon the same tax sale, dated April 4, 1906, and recorded April 10, 1906, from the county treasurer, conveying these lands, is relied upon to establish title in defendant.

On the trial, to prove title to the quarter section involved in cause No. 163, to-wit, the southeast quarter of section 1, township 5 south, range 49, plaintiff offered a receiver's receipt, without proof of the genuineness of the signature of that government official, to Squire Busenbark; a trust deed, Busenbark to Lanning, trustee, for the use of Carnahan, dated May 1, 1889; trustee's deed, Lanning to Carnahan, dated July 11, 1898; and a quit-claim deed from Carnahan to Lanning, conveying that land and about twenty other quarter sections. Attempted proof of title to the southeast quarter of section 25, township 2 north, range 52, rests on a like offer, and the same is also true respecting offer of proof of title to the northwest quarter of section 30, township 5 south, range 49. These receivers' receipts were rejected by the court because not proven to be genuine.

To prove title to the northeast quarter of section 2, township 4 north, range 49, plaintiff offered United States patent to William Walker Head; trust deed from Head to Lanning; trustee's deed from Lanning, trustee, to Carnahan; and a quit-claim deed from Carnahan to Lanning. To prove title to the southeast quarter of section 2, township 3 north, range 51, plaintiff offered United States patent to Edward H. Nims; warranty deed from Nims to Carnahan, dated September 23, 1896; and a quit-claim deed from Carnahan to Lanning. To prove title to the southwest quarter of section 24, township 1 north, range 52, plaintiff offered United States patent to Nick Zeimens; warranty deed from Zeimens to Carnahan, dated March 10, 1894; and quit-claim deed from Carnahan to Lanning.

The defendant, to sustain its allegations of title to two of the tracts, relied upon a tax deed issued·by the treasurer of the old county of Arapahoe, conveying the southeast quarter of section 1, township 5 south, range 49, and the northwest quar-

ter of section 30, township 5 south, range 49. This deed is the only one offered in evidence to show title to these two quarter sections; though a later deed from the treasurer of the city and county of Denver was pleaded, it was not in fact produced or offered in evidence. The deed offered was objected to because it showed on its face an assignment of the tax sale certificate, by the county clerk to the defendant, more than three years after its issuance, and this objection was sustained.

To sustain its claim of title to the southeast quarter of section 2, township 3 north, range 51, the southwest quarter of section 24, township 1 north, range 52, the northeast quarter of section 2, township 4 north, range 49, and the southeast quarter of section 25, township 2 north, range 52, the defendant offered in evidence four separate tax deeds, from the treasurer of Washington county, marked Exhibits 1a, 1b, 1c and 1d, respectively, all filed for record February 21, 1901; also a later tax deed executed by the treasurer of that county, dated April 4, 1906, recorded April 10, 1906, for all four of said tracts of land. This deed was made after the treasurer had, by order of the board of county commissioners, made an assignment to the defendant of the tax sale certificates. Plaintiff objected to the first deeds, which were offered to show color of title, date of sale, date of deed, amount of purchase and the like, for the reason that the tax sale certificates had been assigned by the county clerk after three years had run, which objection was sustained. To impeach the last tax deed, plaintiff offered in evidence the tax sale records of Washington county, showing that the sale of the land in question to the county was made on the first day of the general tax sale.

Judgment and decree for the plaintiff, quieting title to all of the land involved, on payment of all taxes, interest and penalties due defendant. Defendant brings the case here for review on appeal.

Defendant's claim of title to the two quarter sections described as follows: the northwest quarter of section 30, town-

ship 5 south, range 49 west, and the southeast quarter of section 1, township 5 south, range 49 west, rests wholly upon the deed from the treasurer of old Arapahoe county, dated January 31, 1901, which the court below excluded as being void on its face. The deed shows that the property was sold on October 5th, 1896, to Arapahoe county for the taxes of 1895, and that there was an assignment by the county clerk of the certificate of sale, upon which the deed was based, made more than three years after the certificate issued, and was therefore properly rejected by the court. A deed executed upon a certificate so assigned is void.—*Lovelace v. Tabor M. & M. Co.,* 29 Colo. 62; *Carnahan v. Sieber Cattle Co.,* 34 Colo. 257; *Empire R. & C. Co. v. Coldren,* 117 Pac. (Colo.) 1005; and *McLaughlin v. Reichenbach,* 122 Pac. (Colo.) 47. The defendant offered no other tax deed or conveyance in support of its claim of title to these two quarter sections, and therefore it seems clear that as to them it has neither title nor claim of title.

As to the tax deed for the other four quarter sections, from the treasurer of Washington county, dated April 4, 1906, and recorded April 10th of the same year, the tax sale records of Washington county show that as matter of fact this sale, instead of having been made upon October 26th, 1896, an adjourned sale day, as recited in the deed, was made on the 19th day of October of that year, the first day of the general tax sale. A sale of land to the county on the first day of a general tax sale is void.—*Bryant v. Miller,* 48 Colo. 192; *Charlton v. Toomey,* 7 Colo. App. 304; *Dye v. Whyte,* 17 Colo. 296; *Webber v. Wannemaker,* 39 Colo. 425; *Whitehead v. Callahan,* 44 Colo. 396; *Gomer v. Chaffee,* 6 Colo. 314; *Charlton v. Kelly,* 24 Colo. 273, and same in 7 Colo. App. 301; *Empire R. & C. Co. v. Lanning,* 49 Colo. 458; *Empire R. & C. Co. v. Coldren,* 117 Pac. (Colo.) 1005; and *Kit Karson Land Co. v. Gordon,* 121 Pac. (Colo.) 1024.

The precise point now before us was determined in the case of *Mulqueen v. Lanning,* just decided, wherein on the

same record, a tax deed was impeached by the tax sale records of Washington county, under similar conditions and circumstances, and over the like objection presented in this case. It was there held that, when property is shown by the tax sale records to have been bid off by and sold to the county on the first day of the general tax sale, and the recitals of the tax deed based thereon showing a later date of sale are false, the deed is void. In this case these facts were all established by the tax sale record. The tax deed in question was therefore a nullity, and it conclusively appears that the defendant has no valid title at all to any of the land in controversy.

The evidence adduced in behalf of the plaintiff makes out a *prima facie* case of ownership in fee of the northeast quarter of section 2, township 4 north, range 49, the southeast quarter of section 2, township 3 north, range 51, and the southwest quarter of section 24, township 1 north, range 52. When this suit was begun the land, by admission of both parties, was vacant and unoccupied. *Prima facie* proof of ownership in fee by plaintiff carries with it constructive possession, which for the purposes of this action is sufficient, in the absence of actual entry and adverse possession by another.—*Phillippi v. Leet,* 19 Colo. 246, 253; *Morris and Thombs v. St. Louis National Bank,* 17 Colo. 231; 239; *Mitchell v. Titus,* 33 Colo. 385, 387; *Keener v. Wilkinson,* 33 Colo. 445; and *Mulqueen v. Lanning, supra.* As to these three quarter sections the judgment of the district court was right and is affirmed.

The receivers' receipts offered in evidence as a foundation of title to the southeast quarter of section 1, township 5 south, range 49, the southeast quarter of section 25, township 2 north, range 52, and the northwest quarter of section 30, township 5 south, range 49, not having been at all identified or shown genuine, were incompetent for any purpose.—*Jackson v. McMurray,* 4 Colo. 76; *Fail et al. v. Goodtitle,* Breese 201; *Roper v. Clabaugh,* 3 Scam. 166; *Carson et al. v. Merle*

*et al.* 4 Scam. 363; and *Yellow River R. R. Co. v. Harris,* 35 Fla. 385.

The foundation of plaintiff's alleged title to these three quarter sections therefore fails, and although he has a conveyance of the land from a trustee on a purported foreclosure of a trust deed, since the maker of that trust deed is not shown to have had possession, at the time of its execution or ever at all, under the authority of *Empire R. & C. Co. v. Webster,* 121 Pac. (Colo.) 171, even a *prima facie* title is not made out. The judgment of the district court, therefore, quieting title in plaintiff to these three tracts of land, was erroneous, and as to them the judgment is reversed and the cause remanded, for further proceedings in conformity with the views herein expressed.

*Affirmed in part and Reversed in part.*

Decision *en banc.*

CHIEF JUSTICE CAMPBELL not participating.