[No. 8558.]

## OLSON V. KELSEY.

1. EVIDENCE—*Receiver's Receipt.* The receipt of the receiver of the United States Land Office is not admissible as evidence of title, unless shown to be genuine. (331.)

2. QUIETING TITLE—*Plaintiff's Title.* A decree quieting the title to vacant land in one who shows neither title nor possession is error. (331.)

*Error to Phillips District Court.* Hon. H. P. BURKE, Judge.

Mr. PHILIP ZIMMERMAN, for plaintiff in error.

No appearance for defendant in error.

Mr. Justice HILL delivered the opinion of the court.

Code action by defendant in error to quiet title to one hundred sixty acres of land. The defendant, plaintiff in, error here, put in issue plaintiff's title and possession, and alleged both to be in the defendant, Enock A. N. Olson. As a foundation for his title, the plaintiff offered in evidence what his counsel states is a Receiver's receipt from the United States government for this land, which, over defendant's objections, was admitted. Without being otherwise identified or shown to be genuine, this instrument was incompetent for any purpose, and as the record stood when offered, should have been rejected. *Empire Co. v. Lanning,* 53 Colo. 151, 124 Pac. 579.

It was stipulated that the land was vacant and unoccupied. There is no proof that the party who conveyed it by quit-claim to the plaintiff was ever in possession. For this reason, without title from the government being shown to be in this grantor, this deed fails to establish proof of either title or constructive possession in plaintiff. *Empire Co. v. Lanning, supra, Empire Co. v. Webster,* 52 Colo. 207, 121 Pac. 171.

The plaintiff's failure to establish his case, makes it

unnecessary, at this time, to consider the defendant's title accrued by tax deed, the alleged payment of taxes for seven years, etc., which can probably be made more definite as to facts at another trial.

The judgment is reversed and the cause remanded for a new trial.

*Reversed and remanded.*

Chief Justice GABBERT and Mr. Justice TELLER concur.