**No. 28102**

**The People of the State of Colorado v.
Kathryn L. Williams**

(596 P.2d 745)

Decided May 29, 1979.                    Rehearing denied July 23, 1979.

Robert L. Russel, District Attorney, Gary E. Lawyer, Deputy, for plaintiff-appellant.

J. Gregory Walta, Public Defender, Craig L. Truman, Chief Deputy, Kathleen A. Carlson, Deputy, Larry S. Pozner, for defendant-appellee.

Max P. Zall, City Attorney, Frank A. Elzi, Assistant, Robert G. Hoghaug, Assistant, for amicus curiae, City and County of Denver.

*En Banc.*

MR. JUSTICE GROVES delivered the opinion of the Court.

The defendant was charged with felony theft under section 18-4-401, C.R.S. 1973, as amended by Colo. Sess. Laws 1975, ch. 167, at 618.[1] The Defendant was also charged in another count with a misdemeanor in failing to notify the Department of Social Services of receipt of increases in income while she was receiving assistance from the Department under section 26-2-130(2), C.R.S. 1973. The trial court ruled that the Rules and

---

[1] The amendment is to be found in the 1978 Cumulative Supplement to C.R.S. 1973. In the meantime C.R.S. 1973 (1978 Repl. Vol. 8) has been issued. It contains a 1977 amendment to this section, which amendment was not in effect at the time the alleged act was committed.

Regulations of the Department of Social Services could not be admitted in evidence. The People conceded that a conviction could not be validly obtained under either count without admission into evidence of such rules, whereupon the court granted the defendant's motion for acquittal. The People appealed. We affirm.

The defendant's counsel has stated in her brief:

"Both charges arose out of the Defendant's alleged failure to report employment earnings from October 1976, to February 1977, while she was receiving Aid to Dependent Children (ADC) funds and Food Stamps from the Department of Social Services. As a result of her alleged failure to report her earnings and her employment the Defendant received $770.50 in benefits to which she was allegedly not entitled."

■ The authority under which the Colorado Department of Social Services may announce, publish and file its rules is contained in section 24-4-103, C.R.S. 1973. Subdivision (12) of this section provides:

"All rules of any agency . . . when issued, shall be filed, in duplicate, in the office of the secretary of state, and the office of the secretary of state shall require of each such agency so filing its rules that they be filed in such form and so indexed and numbered as to make them readily available for public inspection. One copy of such rule . . . shall be kept permanently on file and up-to-date in the office of the secretary of state, and the duplicate copy shall be delivered by the office of the secretary of state to the supreme court library where it shall also be kept permanently on file and up to date. In both the office of the secretary of state and supreme court library, such rules . . . shall be made available for public inspection by any person during regular office hours. Any rule which is amended or repealed shall be kept in a separate permanent file for public inspection in the same manner as the up-to-date rules. Such amendment or repealed rules shall be cross-indexed with the up-to-date rules."[2]

The evidence indicated that the rules of the Department of Social Services were amended on an average of once a week. Neither the Secretary of State nor the Supreme Court Librarian kept separate files for amended or appealed rules and did not cross-index amended or repealed rules with up-to-date rules. An assistant Supreme Court librarian testified that she filed amended rules in the order in which they were received, that they had no filing system with respect to them, and that the only way one could locate a particular regulation would be from the date on which it was received, which might give a clue as to its whereabouts.

The statute further provides: "No rule shall be relied upon or cited against any person unless . . . it has been published and . . . it has been

---

[2] The requirement for filing in the Supreme Court Library was removed in 1978 (Colo. Sess. Laws 1978, ch 78 at 390) but this recent amendment has no effect in the instant case.

made available to the public in accordance with this section." Subsection 24-4-103(10), C.R.S. 1973. Finding that the rules had not been made available in the Secretary of State's office or the Supreme Court Library as required by the statute, the trial court ruled that under the last quoted language they could not be admitted in evidence against the defendant.

## I.

The People contend that the defendant lacks standing to raise the issue. They argue that she was not injured because there is nothing to show that she attempted to research the rules in the office of the Secretary of State or in the Supreme Court Library. They urge *Wimberly v. Ettenberg,* 194 Colo. 163, 570 P.2d 535 (1977) upon us. There, bail bondsmen sought to declare invalid a procedure for release of criminal defendants pursuant to a pretrial release program, and it was ruled that they did not have standing. The bail bondsmen were not defendants in a criminal case. Rather, they were seeking to have a rule declared invalid.

■ Here, the defendant is charged with a felony. She does not seek to declare the rule invalid. She merely has asked that the court follow the General Assembly's direction that, if the statutory requirements are not met, the rule not be admitted in evidence. The requirement not having been met, by stating that the rule shall not "be relied upon or cited against" the General Assembly has stated that the rule is not admissible in evidence. No one has challenged the authority of the General Assembly to make such an evidentiary rule and, absent challenge at least, we follow it.

## II.

■ The second argument of the People is that the rule involved was maintained and made available in substantial compliance with the statute. Again, the contrary is obvious. In effect, the General Assembly stated that, in order to have a rule introduced in evidence, the filing authority shall index and number the set of rules involved, shall keep amendments and repealed rules in a separate permanent file, and shall cross-index with up-to-date rules any amended or repealed rules. None of these things were performed. The language, being plain and its meaning clear, it must be declared and enforced as written. *Jones v. Board,* 119 Colo. 420, 204 P.2d 560 (1949); *People ex rel. v. Hinderlider,* 98 Colo. 505, 57 P.2d 894 (1936).

The People argue that the district court has interfered with the spirit of the law and that as a practical matter the defendant or any other welfare recipient in El Paso County would not be affected by the failure of the Secretary of State and Supreme Court Librarian to maintain the rules and the indexes as stated in the statute. We may agree entirely with the People. We may or may not think it is a good rule as to admissibility of evidence. Nevertheless, the General Assembly has spoken in clear language and, as already mentioned, no one attacks its authority to make such an evidentiary rule.

Judgment affirmed.