The PEOPLE of the State of Colorado, Plaintiff-Appellee,

v.

Reyes BOBIAN, Defendant-Appellant.

No. 79SA510.

Supreme Court of Colorado.

April 13, 1981.

Rehearing Denied May 4, 1981.

J. D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Mary J. Mullarkey, Sol. Gen., Nathan B. Coats, Asst. Atty. Gen., Litigation Section, Denver, for plaintiff-appellee.

J. Gregory Walta, Colorado State Public Defender, Thomas M. Van Cleave, III, Deputy State Public Defender, Denver, for defendant-appellant.

LEE, Justice.

The defendant, Reyes Bobian, was convicted of welfare fraud under section 26–2–130, C.R.S.1973.[1] We reversed the judgment.

The defendant, a sixty-five-year-old retiree, who is a statutorily blind person, is accused of receiving Aid to the Blind (AB) benefits in violation of eligibility requirements of the Department of Social Services (department). He received AB benefits each month from December 1969 to March 1977. Each year in question, the defendant signed department declaration of eligibility forms which indicated that he received no railroad retirement benefits. Defendant did in fact receive such benefits.

A department eligibility technician testified at trial that, based upon regulations, defendant was not eligible for AB benefits. Defendant objected to the introduction into evidence of the regulations upon which this testimony was based. Defendant's objection was based on section 24–4–103(10) and (12), C.R.S.1973, which provides:

> "(10) No rule shall be relied upon or cited against any person unless, if adopted after May 1, 1959, it has been published and, whether adopted before or after said date, it has been made available to the public in accordance with this section.

---

1. "26–2–130. *Fraudulent acts.* (1) Any person who obtains, or any person who aids or abets another to obtain, public assistance greater than that to which he is justly entitled, or payment of any forfeited installment grant, by means of a willfully false statement or representation, or by impersonation, or by other fraudulent device, with intent to defeat the purposes of this article, shall be punished as follows: If the amount of assistance to which the recipient is not entitled is five hundred dollars or more, he is guilty of a felony and, upon conviction thereof, shall be punished by imprisonment in the state penitentiary for not less than one year nor more than five years; or if such amount is less than five hundred dollars, he is guilty of a misdemeanor and, upon conviction thereof, shall be punished by a fine of not more than seven hundred fifty dollars, or by imprisonment in the county jail for a period of not more than six months, or by both such fine and imprisonment."

"(12) All rules of any agency which have been submitted to the attorney general under the provisions of subsection (8) of this section and the opinion of the attorney general, when issued, shall be filed, in duplicate, in the office of the secretary of state, and the office of the secretary of state shall require of each such agency so filing its rules that they be filed in such form and so indexed and numbered as to make them readily available for public inspection. One copy of such rules and opinions shall be kept permanently on file and up to date in the office of the secretary of state, and the duplicate copy shall be delivered by the office of the secretary of state to the supreme court library where it shall also be kept permanently on file and up to date. In both the office of the secretary of state and supreme court library, such rules and opinions shall be made available for public inspection by any person during regular office hours. Any rule which is amended or repealed shall be kept in a separate permanent file for public inspection in the same manner as the up-to-date rules. Such amended or repealed rules shall be cross-indexed with the up-to-date rules."

An affidavit of the Secretary of State and a transcript of testimony of the assistant librarian of the Colorado Supreme Court were admitted into evidence, which showed that the repealed and amended regulations were not kept nor properly cross-indexed by either the Secretary of State or the Colorado Supreme Court Librarian as required by statute.[2] The district court admitted the regulations over the objection of the defendant and allowed the eligibility technician to testify as to defendant's eligibility based on those regulations.

The defendant appeals, claiming that the department illegally relied upon its regulations in its case against him in violation of section 24–4–103(10). The People cross-appeal, challenging the constitutionality of section 24–4–103(10) on the basis that it

violates the separation of powers doctrine under the Colorado Constitution, Article VI, Section 21.

## I.

We consider the People's constitutional challenge first. Article VI, Section 21 of the Colorado Constitution provides:

"The supreme court shall make and promulgate rules governing the administration of all courts and shall make and promulgate rules governing practice and procedure in civil and criminal cases, except that the general assembly shall have the power to provide simplified procedures in county courts for claims not exceeding five hundred dollars and for the trial of misdemeanors."

The People argue that section 24–4–103, C.R.S.1973, provides a rule of procedure and as such is a usurpation of judicial rule-making authority in violation of the doctrine of separation of powers. We do not agree.

The People, in support of their argument that section 24–4–103(10), C.R.S.1973, is unconstitutional, acknowledge our recent decision in *People v. McKenna*, 196 Colo. 367, 585 P.2d 275 (1978), but contend that the statute attacked in the present case is an intrusion into the day-to-day operation of the judiciary and is thus a violation of the separation of powers doctrine. In *People v. McKenna, supra*, we discussed at length the so-called "rape shield" statute, section 18–3–407, C.R.S.1973 (1978 Repl. Vol. 8), which creates a presumption of irrelevance of a certain class of evidence, as that statute relates to the constitutional rule-making power of the Supreme Court. We upheld the statute in *McKenna*, noting that it was enacted pursuant to an important public policy and that, while certain aspects of the statute necessarily touched upon judicial matters, it was a valid exercise of the legislative power. We stated in *McKenna*:

"Therefore, in the absence of any conflicting rule adopted by this court, and in view of the instant statute's mixed policy and procedural nature, we hold that sec-

---

2. The statute has since been amended removing the requirement that the Supreme Court

Library keep copies of such regulations. Colo. Sess.Laws 1978, ch. 78, 24–4–103(12) at 390.

tion 18–3–407, C.R.S.1973 (1977 Supp.), does not unconstitutionally intrude into matters exclusively judicial nor violate *Colo.Const.,* Art. III, or Art. VI, sec. 21." *People v. McKenna, supra.*

We also conceive the basic purpose of section 24–4–103(10) and (12) to be one of public policy rather than simply a legislative attempt to regulate the day-to-day procedural operation of the courts. The purpose of the provision is one of due process, to ensure that a correct current copy of regulations promulgated by administrative agencies will be available to members of the public. The legislature sought to make certain that amended and repealed regulations were available and discoverable. To ensure that these purposes would be accomplished, the legislature imposed the sanction of subsection (10) that "[n]o rule shall be relied upon or cited against any person" unless it was made available to the public as set forth in subsection (12).

The statute here under consideration, as well as the "rape shield" statute, may be characterized as a statutorily imposed rule of evidence. Section 24–4–103(10) bears upon the competence of the rules as evidence. The rules may not be "relied upon or cited against any person" unless they are properly filed and cross-indexed as statutorily required. Similarly, the "rape shield" statute imposes a presumption of irrelevance as to the rape victim's prior history, unless at an *in camera* hearing a determination is made by the court that the proffered evidence is indeed relevant to a material issue in the case. As thus considered, the statute here is analogous to the dead man's statute, section 13–90–102, C.R.S.1973 (1980 Supp.) and the statute relating to privilege, section 13–90–107, C.R.S.1973 (1980 Supp.).

This court has acknowledged that the General Assembly has the power to promulgate substantive rules of evidence. In *People v. Smith,* 182 Colo. 228, 512 P.2d 269 (1973), we upheld the legislature's right to promulgate 1971 Perm.Supp., C.R.S.1963, 39–6–12 (now section 16–10–201, C.R.S. 1973), dealing with the admission into evidence of prior inconsistent statements of certain witnesses. We held:

"It is fundamental that the legislature has the power to prescribe new rules, or to revise or alter existing rules of *substantive* evidence, so long as they do not violate constitutional requirements or deprive any person of constitutional rights." *People v. Smith, supra.* (Emphasis added.)

*See also People v. Mulligan,* 193 Colo. 509, 568 P.2d 449 (1977). *See generally* article 25 of title 13, C.R.S.1973.[3]

The statute in question creates a rule of substantive evidence. The defendant's substantive rights are affected by the statute. He has the right to use the statutory prohibition as a defense to the charges against him. We hold that section 24–4–103(10), C.R.S.1973, does not violate the Colorado Constitution, Article VI, section 21.

## II.

■ Having found section 24–4–103(10) to be a valid enactment by the general assembly, we now turn to the defendant's contention that the prosecution was impermissibly allowed to rely upon the departmental regulations to obtain defendant's conviction. The record is without dispute that the department eligibility technician was permitted to testify that, in determining the defendant's ineligibility, he relied upon the departmental rule, specifically, section 4310. It is clear that the prosecu-

---

**3.** In recognition of the principles discussed, subsequent to the litigation in this case the legislature enacted a statute, section 13–25–128, C.R.S.1973 (1979 Supp.), which provides:

"*Rules of evidence—grant of authority subject to reservation.* The supreme court of the state of Colorado shall have the power to prescribe general rules of evidence for the courts of record in the state of Colorado. Such rules of evidence shall be construed to be rules of practice and procedure and shall not be construed in such manner that such rules would fix, abridge, enlarge, modify, or diminish any substantive rights. The general assembly specifically reserves to itself the power to enact laws relating to substantive rights, including, but not limited to, laws modifying or eliminating said rules of evidence."

tion's case was predicated in part upon this evidence which was statutorily declared incompetent by reason of the failure of the Secretary of State and the Supreme Court Librarian to comply with the mandate of section 24–4–103(12).

The district court, in allowing such evidence, did not have the guidance of our opinion in *People v. Williams*, 197 Colo. 559, 596 P.2d 745 (1979), which we consider to be dispositive of this case. In *Williams, supra*, the defendant was charged with felony theft. We held that the admission of department rules and regulations into evidence was not proper under section 24–4–103(10) and (12).

"* * * The requirement [that the regulations be published and that amended and repealed regulations be kept and cross-indexed] not having been met, by stating that the rule shall not 'be relied upon or cited against' the General Assembly has stated that the rule is not admissible in evidence. * * *" *Williams, supra*.

In order to show that defendant received AB benefits to which he was not entitled, the department had to both cite and rely on its own regulations. Since it could not do so under section 24–4–103(10), the conviction in this case was improper.

The People argue, however, that section 24–4–103(10) was not meant to absolve a defendant from responsibility for a fraudulent misrepresentation such as allegedly occurred in this case merely because defendant did not have notice of the technical guidelines used in calculating the amount of his entitlements. The defendant was charged under section 26–2–130, C.R.S.1973, with welfare fraud. This section prohibits a person from obtaining public assistance to which he is not entitled. In order to prove that element of its case, the prosecution had to rely upon the regulations of the department. This it was not permitted to do. *Williams, supra*, and section 24–4–103(10), C.R.S.1973.

The judgment is reversed and the cause is remanded for further proceedings.