**The PEOPLE of the State of Colorado,
Plaintiff-Appellee,**

**v.**

**Elizabeth Mabel MORE,
Defendant-Appellant.**

**No. 81CA1062.**

Colorado Court of Appeals,
Div. III.

March 10, 1983.

Rehearing Denied April 21, 1983.

Certiorari Denied Aug. 22, 1983.

J.D. MacFarlane, Atty. Gen., Richard Hennessey, Deputy Atty. Gen., Mary J. Mullarkey, Sp. Asst. Atty. Gen., Nathan B. Coats, Chief Atty. Gen., Denver, for plaintiff-appellee.

J. Gregory Walta, State Public Defender, Jody Sorenson Theis, Deputy State Public Defender, Denver, for defendant-appellant.

KIRSHBAUM, Judge.

Defendant, Elizabeth Mabel More, appeals her jury conviction of theft. We reverse.

The following facts were disclosed at trial. In August 1980, defendant applied for aid to families with dependent children (AFDC) through the Larimer County branch of the Department of Social Services. As part of this application, defendant signed a form containing an express acknowledgment that she understood that she "*MUST* report . . . receiving any child support, alimony, or help in paying bills" to the Department. She also executed an assignment of rights form which stated that: "I . . . assign and transfer unto the COLORADO DEPARTMENT OF SOCIAL SERVICES, all the support rights (past, present and future) which I have against James More."

In November 1980, the Department of Social Services discovered that defendant was and had been receiving support and alimony payments from her former husband which she had neither reported nor refunded. Defendant refused to comply with the Department's request that she refund these payments to the Department. In February 1981, an information was filed charging defendant with one count of theft.

At trial, James More testified that he had been divorced from his wife in June of 1980. He further testified that he had sent child support and alimony payments to defendant's attorneys from August 1980 through December 1980 and that those attorneys, ·pursuant to prior court arrangements, were to forward the payments to defendant.

An employee of the Department testified that on November 25, 1980, she personally informed defendant that the child support and alimony payments had to be refunded to the Department of Social Services. Over defendant's objection, the employee read to the jury a paragraph contained in a Colorado Department of Social Services Staff Manual describing AFDC refund requirements with respect to child support payments. A copy of the paragraph had been admitted into evidence, again over defendant's objection.

Defendant testified that from September 1980 through December 1980 she received child support and alimony payments from her attorney in Minnesota. Defendant stated that she believed that she was not required to refund these payments. The trial court sustained prosecution objections to testimony and cancelled checks offered by

defendant to demonstrate her living conditions during the first four months of 1980.

Defendant first contends that the trial court erred in overruling her objection to the admission into evidence of the above-described regulation from the Colorado Department of Social Services Staff Manual. We agree.

■ Section 24–4–103(10), C.R.S.1973 (1982 Repl.Vol. 10), provides that no agency rule "shall be relied upon or cited against any person unless ... it has been published and ... has been made available to the public in accordance with this section." Section 24–4–103(11), C.R.S.1973 (1982 Repl. Vol. 10) contains provisions for publication and filing of agency rules. A rule which does not satisfy the public notice requirements of § 24–4–103 may not be introduced as evidence in criminal proceedings. *People v. Bobian,* 626 P.2d 1132 (Colo.1981); *People v. Williams,* 197 Colo. 559, 596 P.2d 745 (1979). Thus, the General Assembly has required, as a matter of public policy, the satisfaction of certain preliminary questions before an agency rule may be admitted into evidence against a party in judicial proceedings. *See McCormick on Evidence* § 218 (E. Cleary 2nd ed. 1972).

Citing CRE 902(5), pertaining to regularly issued documents, the People assert that regularly promulgated administrative rules are presumed valid and that, therefore, a party challenging the validity of an agency rule bears the burden of establishing its invalidity. *See also Augustin v. Barnes,* 626 P.2d 625 (Colo.1981). However, at trial, defendant objected that the prosecution failed to establish a sufficient foundation for the admissibility of the rule. Thus, the question is whether the rule was in fact regularly issued or promulgated. Neither CRE 902(5) nor *Augustin v. Barnes, supra,* is dispositive of this issue.

■ Section 24–4–103 establishes substantive rights. *People v. Bobian, supra.* We conclude that among those rights is the right of a party to judicial proceedings to require an adverse party seeking to introduce an administrative rule into evidence to establish compliance with the applicable provisions of § 24–4–103. While a party may waive the right to require the proponent of documentary evidence to establish a proper foundation for the admissibility thereof, once the objection is raised, the proponent must establish the authenticity of the challenged exhibit. *See Empire Ranch & Cattle Co. v. Lanning,* 53 Colo. 151, 124 P. 579 (1912).

■ Here, defendant repeatedly challenged all references to the rule on the basis of inadequate foundation. The prosecution did not establish compliance with the statute. Indeed, the only foundation evidence elicited before the trial court interrupted defendant's voir dire and admitted the exhibit into evidence was the testimony of a social services employee that the manual containing the regulation at issue was "a thick book of rules and regulations governing different categories of the systems." Hence, the ruling permitting testimony about such rule and admitting it into evidence constituted error.

■ The error deprived defendant of a substantive right established by the General Assembly. *People v. Bobian, supra.* In the context of this criminal case, wherein the People were required to establish a knowing and unauthorized taking, and the credibility of defendant's testimony concerning her state of mind was at issue, the error was prejudicial. Hence, we reverse the judgment.

Because the question may arise on re-trial, we also address defendant's contention that the trial court erred in excluding evidence regarding her living expenses. We disagree with this contention.

■ As a general rule, evidence which tends to prove or disprove a fact in issue or which sheds light upon a matter contested is relevant; however, evidence remotely related to contested issues should not be considered by the trier of fact. *People v. Botham,* 629 P.2d 589 (Colo.1981); *see* CRE 401. The determination of the relevancy and potential prejudice of evidence is within the sound discretion of the trial court. *People*

v. *Bynum,* 192 Colo. 60, 556 P.2d 469 (1976); *People v. Pigford,* 40 Colo.App. 523, 580 P.2d 820 (1978), *aff'd,* 197 Colo. 358, 593 P.2d 354 (1979). The trial court's exclusion of evidence regarding defendant's living expenses did not constitute an abuse of discretion here.

The judgment is reversed and the cause is remanded for new trial.

STERNBERG and TURSI, JJ., concur.