Barbara J. KUSSMAN,
Plaintiff-Appellee,

v.

CITY AND COUNTY OF DENVER,
Defendant-Third-Party,
Plaintiff-Appellant,

v.

Janna C. GRAY, Third-Party
Defendant-Appellee.

No. 81CA0962.

Colorado Court of Appeals,
Div. III.

April 28, 1983.

Rehearing Denied May 26, 1983.

Certiorari Granted on 83SC214
Oct. 31, 1983.

Certiorari Denied on 83SC216
Oct. 31, 1983.

Dominick & Halperin, Debra A. Halperin, Boulder, Martin, Brauchli & Jevons, E. Gregory Martin, Boulder, for plaintiff-appellee.

Max P. Zall, City Atty., Lloyd K. Shinsato, Carl R. Mangino, Asst. City Attys., Denver, for defendant-third-party, plaintiff-appellant.

Howard E. Erickson, Denver, for third-party defendant-appellee.

Richard W. Laugesen, Denver, amicus curiae.

VAN CISE, Judge.

In this personal injury action, defendant, City and County of Denver (the city), appeals judgments entered against it following a jury verdict in favor of plaintiff, Barbara J. Kussman, and third-party defendant, Janna C. Gray. We affirm the

judgment in favor of Gray and set aside the judgment for Kussman.

Kussman was injured as a result of a collision between a city fire engine and a car in which she was a passenger which was owned by her and driven by Gray. Kussman sued the city for damages based on its alleged negligence in operating the fire engine. The city denied it was negligent. It also claimed that it was the negligence of Gray that caused the accident, and that Gray's negligence should be imputed to Kussman. Since Kussman did not make Gray a party, the city joined Gray as a third-party defendant based on her alleged negligence and her liability to the city for contribution in the event of a judgment against the city. Further, the city sought to recover from Gray the amount of the damage to the fire engine.

At the conclusion of the evidence, the matter was submitted to the jury as a comparative negligence case with the negligence, if any, of Gray to be imputed to Kussman. At that point, Gray paid Kussman $35,000 in full settlement of any claims which Kussman had against Gray.

The jury returned a verdict finding Kussman's damages to have been $164,737, found both parties negligent, and apportioned the negligence as 49% Gray (and Kussman by imputation) and 51% city. It was stipulated that the personal injury protection benefits received by Kussman from her own insurance carrier were $11,700. The court deducted that amount from the verdict. Judgment was entered against the city and in favor of Kussman for 51% of the balance, or $78,048.47, plus interest and costs. Judgment was entered in favor of Gray on the city's claim against her.

Thereafter, the city filed a motion to reduce the judgment by the amount received by Kussman in her settlement with Gray, as well as motions for judgment notwithstanding the verdict or for new trial and an objection to the taxing of costs. All were denied, and their denial is the basis for this appeal.

The imputation of Gray's negligence to Kussman has not been challenged. *See*

*Sommermeyer v. Price,* 198 Colo. 548, 603 P.2d 135 (1979).

## I.

■ The city first contends that the trial court erred in denying its motion *in limine* which sought to exclude the testimony of two expert witnesses being offered by Kussman—a physician and an economist. The city asserts that their testimony should have been excluded because of Kussman's failure to comply with local rules 12 and 14 and C.R.C.P. 26(4)(A)(i).

Although a summary of the physician's opinion was not furnished to the city until seven days prior to trial, the city was furnished with medical records and raw medical data prior to trial. A joint trial data certificate had been filed, and defense counsel knew the names of both expert witnesses. Furthermore, defense counsel did not request a continuance in order to obtain whatever information he needed after his motion *in limine* was denied. Hence, there was no reversible error. *See People In Interest of B.R.M.,* 653 P.2d 77 (Colo.App. 1982); *Group 1 Services, Ltd. v. Michilleti,* 650 P.2d 1305 (Colo.App.1982).

## II.

■ We have reviewed the instructions given and refused. Contrary to the city's contentions, we conclude that the instructions as a whole adequately informed the jury as to all material points and no reversible error was committed in the instruction phase of the trial. *City of Colorado Springs v. May,* 20 Colo.App. 204, 77 P. 1093 (1904).

## III.

■ The city claims the trial court erred in refusing to set off the $35,000 Kussman received in settlement from co-tortfeasor Gray. We agree.

Section 13–50.5–105(1)(a), C.R.S.1973 (1982 Cum.Supp.) provides that when a release or a covenant not to sue is given to one of two or more persons liable in tort for the same injury, it does not discharge any of the other tortfeasors from liability (un-

less its terms so provide) but it *"reduces the claim against the others to the extent of any amount stipulated by the release or the covenant, or in the amount of consideration paid for it,* whichever is greater, and [i]t discharges the tortfeasor to whom it is given from all liability for contribution to any other tortfeasor."* (emphasis supplied)

In the present case, Gray and the city were joint tortfeasors. The city is entitled to receive the statutory credit. On remand, the $78,048.47 judgment against the city shall be reduced by $35,000, and interest shall be recomputed on the revised figure.

## IV.

The city also contends that the trial court erred in awarding $1,022 in costs to Kussman. These consisted of Kussman's docket fee, service costs, and a portion of the expert witness fees. The city argues that, since it is a municipal corporation, such an award is improper without a specific statute mandating the award of costs. We disagree. The rule is the other way around.

C.R.C.P. 54(d) provides:

"Except when express provision therefor is made either in a statute of this state or in these rules, costs shall be allowed as of course to the prevailing party unless the court otherwise directs . . . ."

*See also* § 13–16–104, C.R.S.1973.

"Thus, unless there is a statute or rule specifically prohibiting the award of costs, trial courts may exercise their discretion to award costs to a prevailing party." *Rossmiller v. Romero,* 625 P.2d 1029 (Colo.1981). There is no such prohibition, statute or rule. And, § 24–10–107, C.R.S.1973 (1982 Repl. Vol. 10), states: "Where sovereign immunity is abrogated as a defense under section 24–10–106, liability of the public entity shall be determined in the same manner as if the public entity were a private person."

## V.

The other contention of the city is without merit.

The judgment against the city and in favor of Gray is affirmed. The judgment against the city and in favor of Kussman is set aside, and the cause is remanded to the trial court for the entry of a new judgment consistent with this opinion. Each party shall pay her or its own costs on this appeal.

KELLY and KIRSHBAUM, JJ., concur.