Randall J. BRIGGS, Plaintiff-Appellant,

v.

Karen CORNWELL, Defendant-Appellee.

No. 83CA0300.

Colorado Court of Appeals,
Div. I.

Dec. 29, 1983.

Peter A. Goldstein, Colorado Springs, for plaintiff-appellant.

Laurence A. Ardell, Pueblo, for defendant-appellee.

ENOCH, Chief Judge.

Plaintiff appeals from that portion of the judgment in a personal injury action which denied him prejudgment interest from the date of accrual of the action until the filing date of his complaint. We reverse.

Plaintiff filed this negligence action on February 27, 1981, based upon an accident which occurred on September 12, 1978. A jury verdict was entered for plaintiff, and plaintiff was awarded interest on the judgment from the date of filing. A separate hearing was held on the issue of plaintiff's entitlement to interest on the judgment prior to the filing of the complaint, at the conclusion of which the trial court denied plaintiff such interest.

The sole issue on appeal is whether under § 13–21–101, C.R.S.1973 (1982 Cum. Supp.) plaintiff is entitled to interest on the judgment from the date the action accrued. Section 13–21–101(1), C.R.S.1973 (1982 Cum.Supp.), states, in relevant part, that:

"[O]n and after July 1, 1979, it is lawful for the plaintiff in the complaint to claim interest on the damages alleged from the date the action accrued...."

Defendant argues that since interest statutes are in derogation of the common law, they should be strictly construed, and that the provision in question should therefore be interpreted as applying only to actions accruing after the effective date of the statute, or July 1, 1979.

Where the language of a statute is plain and the meaning clear, the statute must be enforced as written. *People v. Williams*, 197 Colo. 559, 596 P.2d 745 (1979). Here, the language of the statute contains no exception for actions which accrued prior to the effective date of the statute but which are filed after the effective date. We hold, therefore, that the statute applies to such claims, and interest should have been awarded from the date the action accrued, September 12, 1978.

Defendant also argues that plaintiff should be denied interest on the judgment before the filing date of his complaint because he failed specifically to request such relief in his complaint. This contention is without merit.

Plaintiff's complaint prayed for "interest as provided by statute." This was sufficient to comply with C.R.C.P. 8(a). *Jacobson v. Doan*, 136 Colo. 496, 319 P.2d 975 (1957).

The judgment as it relates to the denial of interest from the date of accrual of the action is reversed, and the cause is remanded with directions to award interest on the judgment from September 12, 1978 through February 27, 1981.

PIERCE and BABCOCK, JJ., concur.