Emma **MARTINEZ** and John **Martinez**, Plaintiffs-Appellants,

v.

Thomas **JESIK** and The **Arvada Fire Protection District**, Defendants-Appellees.

No. 83CA1125.

Colorado Court of Appeals, Div. III.

March 14, 1985.

Rehearing Denied April 11, 1985.

Certiorari Denied Aug. 19, 1985.

Fogel, Keating & Wagner, P.C., William L. Keating, Denver, for plaintiffs-appellants.

Higgins & Strohfus, Stephen R. Higgins, Englewood, for defendants-appellees.

BERMAN, Judge.

Plaintiffs appeal from those portions of the judgment in a personal injury action which denied them prejudgment interest from the date the action accrued until the date the complaint was filed, and which reduced the jury verdict by the settlement amount before determining the statutory interest owed. We affirm in part and reverse in part.

This negligence action was filed by plaintiffs on November 28, 1979, following an automobile-fire truck collision on January 18, 1978. Prior to trial, plaintiffs reached a $100,000 settlement with one of the defendants, and he was dismissed as a party to the suit. Thereafter, a jury found plaintiffs' damages to be $410,000 which amount, after being reduced by the percentage of negligence attributable to plaintiffs, resulted in plaintiffs being entitled to recover $209,100. The trial court then credited the prior $100,000 settlement against the jury verdict and entered judgment for this reduced amount plus interest from the date the suit was filed. The trial court denied plaintiffs' motion to first determine the interest owed on the jury verdict and then subtract the settlement amount and further refused to assess interest from the date the action accrued.

## I.

■ Both parties agree that the trial court properly reduced the jury's verdict by the proportionate share of the plaintiff's comparative negligence. The parties disagree, however, on the proper method of calculating interest on the judgment. Plaintiffs argue that the trial court should first add statutory interest to the comparative negligence reduced verdict, then reduce the verdict plus interest by the

amount of the prior settlement. We disagree.

In *Kussman v. City & County of Denver,* 671 P.2d 1000 (Colo.App.1983) (cert. granted October 31, 1983), we held that the judgment against one of two defendants in a comparative negligence action should be reduced by the amount received in settlement from the co-tortfeasor, and that interest should then be computed on the settlement-reduced figure. We note that both § 13–21–101 and § 13–50.5–105(1)(a), C.R.S. (1984 Cum.Supp.) were in effect at the time *Kussman* was decided.

Here, plaintiffs chose to settle with one of the co-tortfeasors prior to trial. The $100,000 settlement was paid before the trial even began, and yet plaintiffs are now asking for prejudgment interest on the settlement amount. Plaintiffs, by voluntarily settling and relinquishing their claim against one of the co-tortfeasors, gave up their right to interest on this amount in exchange for the certainty of the settlement. *See Silisky v. Midland-Ross Corp.,* 97 Mich.App. 470, 296 N.W.2d 576 (1980).

## II.

The second issue on appeal is whether under § 13–21–101, C.R.S. (1984 Cum. Supp.) interest on the judgment should be calculated from the date the action accrued rather than from the date the suit was filed.

Defendant contends that § 13–21–101, C.R.S. (1984 Cum.Supp.) applies only to actions filed after July 1, 1979. Defendant further argues that plaintiffs claimed interest on the judgment only from the date of filing suit and, thus, are not entitled to interest from the date the action accrued.

*Briggs v. Cornwell,* 676 P.2d 1252 (Colo. App.1983) is dispositive of defendant's first contention. There we held that § 13–21–101, C.R.S. (1984 Cum.Supp.) applies to actions, such as the one here, which accrue before the effective date of the statute, but which are filed after the effective date. Thus, plaintiffs may claim interest under

that statute from the date the action accrued, January 18, 1978.

Moreover, although plaintiffs did not specifically request interest on the judgment from the date the action accrued, plaintiffs' complaint prayed for "interest from the date of the filing ... and such other and further relief as to the Court seems proper." This was sufficient to comply with C.R.C.P. 8(a). *See Jacobson v. Doan,* 136 Colo. 496, 319 P.2d 975 (1957); *Briggs v. Cornwell, supra.*

Accordingly, that portion of the judgment denying interest from the date the action accrued is reversed, and the cause is remanded with directions to award simple interest at the rate of nine percent per annum on the $109,100 judgment from January 18, 1978, to November 28, 1979. In all other respects, the judgment is affirmed.

BABCOCK and METZGER, JJ., concur.