No. 24470

## Robert Mayorga v. The People of the State of Colorado
(496 P.2d 304)

Decided April 10, 1972.     Rehearing denied May 15, 1972.

Rollie R. Rogers, State Public Defender, J. D. MacFarlane, Chief Deputy, Kenneth J. Russell, Deputy, for plaintiff in error.

Duke W. Dunbar, Attorney, General, John P. Moore, Deputy, George E. DeRoos, Assistant, for defendant in error.

*En Banc.*

MR. JUSTICE LEE delivered the opinion of the Court.

Plaintiff in error, Robert Mayorga, was convicted by a jury of possession of narcotic drugs in the District Court of the City and County of Denver. This conviction rests squarely upon admission into evidence of heroin and marijuana seized from his apartment pursuant to a search warrant which he contends was invalid. We affirm the conviction.

The record shows that a search warrant was issued by a Denver county judge upon affidavit of Sergeant Charles J. Kennedy of the Denver police narcotics bureau. This warrant authorized a search for narcotics and drug paraphernalia at the place known as 729 South Washington Street, which had been under surveillance by Kennedy for some time prior to the issuance of the warrant.

Armed with the warrant, Sergeant Kennedy and two other officers arrived at the premises and knocked at the back door, where they were admitted by the defendant. A copy of the search warrant was handed to the defendant who, upon reading it, stated: "This isn't 729 South Washington; this is 721 South Washington." The defendant then returned the warrant to Kennedy, who announced: "Everybody hold it right there." He instructed the other officers, who had not yet commenced the search, to remain at the premises while he returned to the home of the county judge where the warrant had been originally issued. The affidavit and the warrant were amended by the judge to show the correct street address— 721 South Washington Street. Kennedy then returned to the premises, again served the defendant, and the search was

thereupon conducted, resulting in seizure of the contraband and the subsequent arrest of the defendant.

A motion to suppress was heard prior to the commencement of trial. After an evidentiary hearing, the court denied the motion, finding as follows:

"THE COURT: It seems to me that the officers, when they were informed by the defendant that the address was not that given on the search warrant, did about the only thing they could have done — went back to the Judge and asked him to make the necessary correction. Defendant was not placed under arrest at the time, according to Lieutenant Kennedy, nor was a search made until after the Affidavit and Search Warrant had been corrected. Therefore, the motion to suppress will be denied."

Error is assigned to the court's denial of the motion to suppress and to the admission into evidence of the narcotics seized. Defendant contends that the warrant was invalid because it misdescribed the premises to be searched and did not therefore comply with the constitutional requirements of the Fourth Amendment to the United States Constitution and to Section 7 of Article II of the Colorado Constitution. Defendant argues that the entry into the premises pursuant to the invalid warrant and service of the warrant upon the defendant constituted execution of the warrant so as to render the subsequent seizure of the narcotics illegal. We do not agree.

In explanation of the mistake in the address, the evidence showed that the last digit of the house number on the exterior of the premises was broken so that the officer was not able to identify it as the numeral "1," thinking that it was in fact the numeral "9." We note that the warrant was directed only to Sergeant C. J. Kennedy, who had conducted the surveillance of the premises prior to the issuance of the warrant and knew which premises were intended to be searched. Without deciding whether under these facts the description here was constitutionally deficient, we note, as the court found, there was no search conducted pursuant to the warrant as originally issued.

Execution of a search warrant means carrying out the judicial command of the warrant to conduct a search of the premises authorized to be searched. Crim. P. 41(c). Here, the record is clear that the search was never begun and that all procedures after service of the warrant ceased when Sergeant Kennedy ordered: "Everybody hold it right there."

Noting the misdescription, Sergeant Kennedy, who was without legal authority to amend the warrant by correcting the description himself, properly returned the warrant to the issuing magistrate, who proceeded to make the correction in the street address. The officer's course of action conformed to the holding of this Court in *Hernandez v. People*, 153 Colo. 316, 385 P.2d 996, where it was said:

"* * * Since, as we have heretofore said, only a judicial officer may issue the search warrant, it is axiomatic that the right to alter, modify, or correct the warrant is necessarily vested only in that authority.* * *"

The search warrant as corrected was then served on the defendant and then executed by a search of the premises, which resulted in the seizure of the contraband.

We have considered the other arguments advanced by defendant and find them to be without substance.

We hold that the procedures followed under the circumstances of this case conform to constitutional requirements and that the motion to suppress the contraband seized was properly denied by the trial court.

The judgment is affirmed.

MR. JUSTICE DAY, MR. JUSTICE GROVES and MR. JUSTICE ERICKSON dissenting.