The PEOPLE of the State of Colorado, Plaintiff-Appellant,

v.

Robert L. CORBETT, Defendant-Appellee.

No. 81SA533.

Supreme Court of Colorado, En Banc.

Jan. 10, 1983.

Dennis E. Faulk, Dist. Atty., Steven B. Rich, Deputy Dist. Atty., Fairplay, for plaintiff-appellant.

Opland & Musat, P.C., L. Richard Musat, Buena Vista, for defendant-appellee.

ROVIRA, Justice.

The People appeal the dismissal of charges of sexual assault on a child.[1] The

---

1. Section 18–3–405, C.R.S.1973 (1978 Repl.Vol. 8).

Chaffee County District Court concluded at the close of the preliminary hearing that insufficient competent evidence had been adduced to support a finding of probable cause after it had stricken testimony of the defendant's wife under the husband-wife privilege statute. *See* section 13–90–107, C.R.S.1973. We do not agree that her testimony should have been stricken, and we therefore reverse.

The defendant was charged with sexually assaulting his wife's eleven-year-old sister. At the preliminary hearing, the investigating police officer testified that he had interviewed the victim twice within a few hours after the assault. She told him that the defendant and his wife had been out with her parents and she was spending the night at the home of her sister and the defendant. About two o'clock in the morning, the defendant came home and told the victim to come to his bedroom. Although the girl was frightened, she acquiesced. The defendant forced her to take her clothes off, and he then attempted to have intercourse with her. The victim told the police officer that this had happened on two previous occasions.

The defendant's wife testified that when she got home the victim was crying, shaking, and hysterical and told her that the defendant had forced her to go to his bedroom. Mrs. Corbett then went to the bedroom and found the defendant in bed naked and found the victim's panties on the floor beside the bed. She then took her sister to the hospital.

After the wife's testimony on direct examination, the defendant moved to have her testimony stricken on the basis of the marital privilege. The court reserved its ruling until the conclusion of cross-examination and redirect examination. It then granted the motion and ordered the case dismissed, holding that although with the wife's testimony there was sufficient evidence to establish probable cause, there was not sufficient evidence once her testimony was stricken. The only other evidence presented at the preliminary hearing was the uncorroborated hearsay testimony of the police officer.

The trial court's conclusion that the wife's testimony must be stricken was based upon section 13–90–107(1)(a), C.R.S. 1973, which states:

"A husband shall not be examined for or against his wife without her consent, nor a wife for or against her husband without his consent; nor during the marriage or afterward shall either be examined without the consent of the other as to any communications made by one to the other during the marriage; but this exception does not apply to a civil action or proceeding by one against the other *nor to a criminal action or proceeding for a crime committed by one against the other.*" (emphasis added).

The point argued in the court below was whether the defendant's actions in sexually assaulting his wife's sister constituted a crime against the wife. The trial court reviewed a number of our cases that had held spousal testimony to be admissible on the ground that the crime committed by one spouse was a crime against the other, but found none precisely in point. *See, e.g., Jordan v. People,* 161 Colo. 54, 419 P.2d 656 (1966), *cert. denied,* 386 U.S. 992, 87 S.Ct. 1308, 18 L.Ed.2d 338 (1967) (indecent liberties with stepdaughter); *Balltrip v. People,* 157 Colo. 108, 401 P.2d 259 (1965) (murder of stepson); *O'Loughlin v. People,* 90 Colo. 368, 10 P.2d 543 (1932) (murder of stepdaughter); *Wilkinson v. People,* 86 Colo. 406, 282 P. 257 (1929) (rape of stepdaughter); *Schell v. People,* 65 Colo. 116, 173 P. 1141 (1918) (bigamy); *Dill v. People,* 19 Colo. 469, 36 P. 229 (1894) (perjury in an affidavit in a divorce action).

We do not believe it necessary to engage in a detailed analysis of the prior case law concerning what constitutes "a crime committed by one against the other," because the legislature has enacted a statute dealing with the precise issue before us. The Child Protection Act of 1975 deals with the reporting of child abuse and the provision of protective services to the child. Section 19–10–101 *et seq.,* C.R.S.1973 (1978 Repl. Vol. 8 and 1982 Supp.). Section 19–10–112 provides as follows:

"The privileged communication between patient and physician and between husband and wife shall not be a ground for excluding evidence in any judicial proceeding resulting from a report pursuant to this article."

The legislature has thus clearly indicated that the marital privilege cannot be invoked to exclude a spouse's testimony in a case involving child abuse. That the conduct involved here is child abuse is beyond peradventure. Section 19–10–103(1)(a)(II), C.R.S.1973 (1982 Supp.), defines child abuse as, *inter alia,* "[a]ny case in which a child is subjected to sexual assault or molestation, sexual exploitation, or prostitution."

As a result, we believe the trial judge erred in striking the testimony of the wife. Because he held that with the testimony of the wife there was probable cause, we remand to the district court for trial on the merits.

QUINN, J., specially concurs and ERICKSON and DUBOFSKY, JJ., join in the special concurrence.

QUINN, Justice, specially concurring:

I specially concur in the judgment. Section 19–10–112, C.R.S.1973 (1978 Repl.Vol. 8), provides that "[t]he privileged communication between husband and wife shall not be a ground for excluding evidence in any judicial proceeding resulting from a report pursuant to this article." I read this section to remove any claim of marital privilege only with respect to the child abuse report and any evidence acquired or developed from the report. I do not read this section, however, to abrogate the protection of section 13–90–107(1)(a), C.R.S.1973, which provides:

"(1) There are particular relations in which it is the policy of the law to encourage confidence and to preserve it inviolate; therefore, a person shall not be examined as a witness in the following cases:

(a) A husband shall not be examined for or against his wife without her consent, nor a wife for or against her husband without his consent; nor during the marriage or afterward shall either be examined without the consent of the other as to any communications made by one to the other during the marriage; but this exception does not apply to a civil action or proceeding by one against the other nor to a criminal action or proceeding for a crime committed by one against the other."

In contrast to other statutory privileges this statute not only creates a testimonial privilege for confidential communication between spouses but also, as important here, perpetuates the common-law doctrine of witness disqualification in the case of nonconsensual spousal testimony regardless of its content. *See Trammel v. United States,* 445 U.S. 40, 100 S.Ct. 906, 63 L.Ed.2d 186 (1980) (discussion of origin of marital privilege).

The purpose of section 19–10–112, as I read it, is to make clear that the marital privilege shall not extend to those situations where one spouse confesses an act of child abuse to the other spouse and the spouse who is the recipient of the communication discloses it to the department of social services or to the local law enforcement agency, even though such disclosure is in breach of the confidentiality intended by the confessing spouse in making the disclosure to his or her marital partner. Without this statute it could be argued that the privilege is not lost merely because the reporting wife chooses to disclose to a third party what has been told her in confidence by her husband. C. McCormick, *Handbook of the Law of Evidence* (2d ed. E. Cleary 1972) § 82. With the statute, however, it is clear that the report itself and other evidence developed therefrom are not inadmissible on the basis of the marital privilege. Because section 19–10–112 does not address the statutory disqualification of adverse spousal testimony or, for that matter, the admissibility of testimony from the reporting spouse describing the contents of a confidential communication from her husband with respect to an act of child abuse, the question of the admissibility of the wife's testimony in this case should be determined on the basis of section 13–90–107(1)(a).

The exception in section 13–90–107(1)(a) abrogates the statutory prohibition against nonconsensual spousal testimony as well as the privilege for spousal communication in any "criminal action or proceeding for a crime committed by one [spouse] against the other." This court in several cases has broadly construed the term "a crime committed by one against the other" to encompass those situations where the crime is anti-marital in character in the sense of adversely affecting the marital relationship. *E.g., Jordan v. People,* 161 Colo. 54, 419 P.2d 656 (1966), *cert. denied,* 386 U.S. 992, 87 S.Ct. 1308, 18 L.Ed.2d 338 (1967) (husband prosecuted for indecent liberties against stepdaughter and wife permitted to testify against him); *O'Loughlin v. People,* 90 Colo. 368, 10 P.2d 543 (1932) (wife prosecuted for murder of stepdaughter and husband permitted to testify against her); *Wilkinson v. People,* 86 Colo. 406, 282 P. 257 (1929) (husband prosecuted for rape of stepdaughter and wife permitted to testify against him); *Schell v. People,* 65 Colo. 116, 173 P. 1141 (1918) (husband prosecuted for bigamy and wife permitted to testify against him); *Dill v. People,* 19 Colo. 469, 36 P. 229 (1894) (perjury prosecution against husband for making false affidavit in earlier divorce proceeding and wife permitted to testify against him). I would rely upon a similar construction in resolving this case. The sexual molestation of the wife's eleven year old sister, in addition to being a crime against the child, injuriously affects the wife as a party to the marriage and, in this respect, is an offense against the marital relationship.

I would hold that for the purpose of the marital privilege the defendant's conduct constituted "a crime committed by one [spouse] against the other." The wife, therefore, was not disqualified from testifying against her husband in this case, nor was the admission of her testimony violative of the statutory privilege for spousal communications. For these reasons I believe the district judge erred in striking the testimony of the wife; and, were such testimony not stricken, there was probable cause to believe the defendant committed the crime charged.

I am authorized to say that Justice ERICKSON and Justice DUBOFSKY join me in this specially concurring opinion.