The PEOPLE of the State of Colorado,
Plaintiff-Appellee,

v.

Charles S. WATSON,
Defendant-Appellant.

No. 81CA1105.

Colorado Court of Appeals,
Div. II.

March 10, 1983.

Rehearing Denied April 7, 1983.

Certiorari Denied July 11, 1983.

Nolan L. Brown, Dist. Atty., Joseph Mackey, Deputy Dist. Atty., Golden, for plaintiff-appellee.

J. Gregory Walta, Colorado State Public Defender, Charles F. Kaiser, Deputy State Public Defender, Denver, for defendant-appellant.

SMITH, Judge.

Charles Watson appeals his conviction by a jury of first degree burglary, aggravated robbery, a crime of violence, and first degree motor vehicle theft. We affirm.

In February of 1981, a search warrant was issued for a search of Watson's residence. Based upon the sworn affidavit of Wheat Ridge Police Detective N.L. Forristall, both the affidavit and warrant originally listed the address to be searched as 1213 Oak Street, Lakewood, Colorado. However, this apparently was a typographical error, and, at the time the warrant was issued, the issuing judge personally amended the warrant and affidavit by interlineation, changing the address to 1312 Oak Street, and Detective Forristall gave his oath as to the amended affidavit.

Items seized in execution of the warrant at the designated address led to Watson's arrest and prosecution, and Watson's request to suppress the seized evidence was denied.

At trial, Watson objected unsuccessfully to certain offered testimony as hearsay, and the trial court also rejected his challenge to an instruction which allowed the jury to infer his guilt from his unexplained possession of a recently stolen car.

## I.

On appeal, Watson first contends that the trial court erred in denying his motion to suppress evidence seized pursuant to the search warrant. Watson argues that correcting the address by interlineation was procedurally defective. We disagree.

■ The judicial officer issuing a search warrant has the right to alter, modify, or correct that warrant. *See Hernandez v. People,* 153 Colo. 316, 385 P.2d 996 (1963). This is particularly true when, as here, the correction is made before any search has begun, and the person seeking the altera-

tion is the same one who sought the warrant initially, and will be serving it. *Mayorga v. People,* 178 Colo. 106, 496 P.2d 304 (1972). The requirements of *Hernandez* and *Mayorga* have been met in this case, and we find no error.

There is no merit to Watson's argument that the affidavit relied on for issuance of the warrant was substantively insufficient.

## II.

Watson next argues that certain testimony should have been excluded. We find no error in the court's rulings.

Watson's mother testified on direct examination by the prosecution that she called the Wheat Ridge Police Department in February of 1981 because she was worried about her son. The prosecutor asked her if she, "had some indication that your son was involved in anything in February." She answered, "Yes, I did." The prosecutor asked, "And what was that?" She answered, "Well, [Watson's] dad had called me and told me to turn to a certain ..." At this point defense counsel interposed a hearsay objection. The objection was overruled.

Watson's mother then testified that Watson's father told her to look at a newspaper article describing a residential burglary by two masked men. She asked him if Watson was involved, and he answered that he thought so. The court sustained a defense objection to what Watson's father thought, and instructed the jury to disregard this portion of the testimony only. Based on the information supplied by Watson's father, the mother testified that she had contacted Watson.

■ On appeal, Watson concedes that the foregoing testimony was not hearsay, having been admitted for the sole purpose of demonstrating the witness' state of mind, and not for the truth of the matters asserted. The jury was instructed at each point in the testimony as to its limited purpose and application. Nevertheless, Watson now argues, for the first time, that the probable misuse of the testimony by the jury as substantive evidence of guilt outweighed

any probative value it might have had. In essence, this is an argument under CRE 403. However, Watson's objection to this testimony in the trial court was based on hearsay, not on its prejudicial effect as he now argues. Accordingly, having failed to object in the trial court on the grounds now asserted, he is deemed to have waived the objection and cannot raise it on appeal. CRE 103; *People v. Taggart,* 621 P.2d 1375 (Colo.1981).

■ Even were we to find that the argument was properly raised on appeal, it is without merit. This particular testimony did not play a central role in the case. There was more than sufficient other evidence of Watson's guilt, including a detailed admission to his mother and several pieces of physical evidence directly demonstrating Watson's connection with the crime.

### III.

At trial, there was also testimony by a witness that she was told by one Bowman, in Watson's presence, that the car he and Watson were driving was stolen, and that it was "their car." The testimony indicated that Watson remained silent after this remark, making no attempt to deny it.

■ Watson's hearsay objection to this testimony was overruled, with the court holding it admissible as a statement of a co-conspirator, and hence, not hearsay. This was a correct ruling.

Under CRE 801(d)(2)(E), statements of co-conspirators are not hearsay, if 1) the existence of the conspiracy and the member's participation therein can be established by independent evidence; 2) the statements were made during the pendency of the conspiracy; and 3) the statement was made in furtherance of the conspiracy.

■ Generally, proof of the existence of a conspiracy is circumstantial and can be inferred from the acts of the parties. *Smaldone v. People,* 103 Colo. 498, 88 P.2d 103 (1938). Here, as in *Smaldone,* proof of the existence of the conspiracy can be gleaned from the actions of the defendant and his accomplice. Specifically, one person gained entrance to the house, then summoned the other who entered via a door unlocked and opened by the first. The house was searched in a coordinated fashion, and the two conferred about the property they were taking. They left together, and returned together to procure the keys to the car subsequently stolen. This is strong evidence, sufficient to prove a conspiracy.

■ The second test requires that the statement be made during the pendency of the conspiracy. When, as here, the conspiracy is established by a preponderance of the evidence, independent of the statement, the statements of one conspirator made in furtherance of the conspiracy and made in the presence of his co-conspirator are admissible, even if the statements were made after completion of the crime. *People v. Peery,* 180 Colo. 161, 503 P.2d 350 (1972).

Finally, the statement must have been in the furtherance of the conspiracy. The particular statement here by its very words demonstrates the continuing plan of the conspirators to conceal and deprive the lawful owner of his property at the time the statements were made as well as in the future. This we conclude was in furtherance of the conspiracy. *See People v. Burke,* 37 Colo.App. 289, 549 P.2d 419 (1976). The record contains evidence that defendant and his accomplice both shared in the use of the stolen car, after the theft. This shared use appears to have been continued from the time of the robbery at least until the time the statement was made. Thus, there was sufficient proof of an ongoing conspiracy.

All of the requirements of CRE 801(d)(2)(E) having been met, we conclude that there was no error in the admission of the testimony.

### IV.

Finally, Watson contends that the trial court erred in instructing the jury that it could consider Watson's exclusive possession

**968**

of recently stolen property as evidence of guilt. We disagree.

We need only note that the preliminary requirements for use of this instruction contained in *Wells v. People,* 197 Colo. 350, 592 P.2d 1321 (1979) were met, and that the instruction itself was a correct statement of the law, and was almost identical to that approved in *Wells.* Watson's argument that the instruction was incomplete is without merit.

Accordingly, the judgment is affirmed.

PIERCE and TURSI, JJ., concur.