The PEOPLE of the State of Colorado, Plaintiff-Appellee,

v.

Bernard G. LUCERO, Defendant-Appellant.

No. 81CA1229.

Colorado Court of Appeals, Div. III.

Aug. 11, 1983.

Rehearing Denied Sept. 8, 1983.

Certiorari Granted Jan. 23, 1984.

Duane Woodard, Atty. Gen., Charles B. Howe, Deputy Atty. Gen., Joel W. Cantrick, Sol. Gen., John Daniel Dailey, Asst. Atty. Gen., Denver, for plaintiff-appellee.

Gerash & Robinson, P.C., Scott H. Robinson, Denver, for defendant-appellant.

BERMAN, Judge.

Defendant appeals his convictions of first degree sexual assault and second degree burglary. We affirm.

Late in the evening on November 21, 1980, the victim was prompted to open her front door and investigate when she heard her dog barking frantically outside. She observed a man jiggling the lock of her neighbor's door and, before she could retreat into her home, the man forced her back through the doorway. He then sexually assaulted her. Upon hearing the neighbor's screams that the police were on their way, the defendant fled through the back door.

A neighbor who had been alerted that an assault had just occurred attempted to follow the assailant through the alley behind the victim's home. Although this neighbor lost the assailant after a few minutes, she told the officers who had responded to the call that she had seen a man hiding in the

shadows outside what later proved to be defendant's home. The neighbor described the house as being on the northwest corner of Julian Street and Eighth Avenue. The house in question was no more than 3 or 4 blocks from the victim's house.

Later that evening, the officers went to the defendant's home to check the address for the purpose of completing the assault and burglary report. When they arrived they noticed that, although it was a cold November evening, the front door was ajar approximately one foot. Both officers repeatedly attempted to arouse any occupants of the house but there was no response. Because the officers knew that the area was burglary-prone, they suspected that a burglary or other type of crime was in progress and they entered the house to search for a burglar or a "victim."

Defendant was found lying on a bed in one of the back bedrooms. He was wearing clothing which matched the assailant's description and his clothes were covered with hairs resembling those of the victim's dog. Because of the foregoing and because he matched the physical description given by the victim and her neighbor, the defendant was arrested and charged as a suspect in the assault and burglary.

Prior to trial, the defendant moved to suppress all evidence which was the product of the entry into his home on the night of his arrest. The trial court denied defendant's motion. The motion was renewed at trial, and was again denied.

At trial during direct examination, defendant's brother testified, in response to a question regarding defendant's condition on the night of the assault and burglary, that "he [the defendant] was drunk" and that he was "just like usual ... a happy-go-lucky guy." He also testified that, although the defendant was drunk, his personality "never changed." When the prosecution attempted to question defendant's brother regarding defendant's past drinking habits, defense counsel objected. The objection was denied because the trial court found that the issue had been raised during direct.

The defendant was convicted by a jury of first degree sexual assault and second degree burglary.

## I.

Defendant first contends on appeal that the trial court's refusal to suppress the evidence gained as a result of the warrantless entry into defendant's home was reversible error. We disagree.

Although warrantless searches are "presumptively illegal," *People v. Amato*, 193 Colo. 57, 562 P.2d 422 (1977), a warrantless search is sometimes permitted "if exigent circumstances existed which justified the intrusion." *People v. Clements*, 661 P.2d 267 (Colo.1983). A public emergency "is a variant of the exigent circumstances exception to the warrant requirement." *People v. Clements, supra.* And, the emergency doctrine applies "if there exists a factual situation which supports a 'colorable claim of emergency threatening the life or safety of another.'" *People v. Clements, supra.*

Here, the officers discovered a door one foot ajar on a cold November evening after the hour of midnight in a burglary-prone neighborhood. The victim's neighbor had reported to them that she had seen a man hiding in the shadows beside the house about an hour before. And, the officers attempted several times to arouse any occupants of the house, but received no response. Under these circumstances, the officers' belief that a burglary or other crime was in progress or had been recently completed and that it was necessary to enter the house to assist possible victims was reasonable. Therefore, the search was proper because they perceived "an emergency threatening the life or safety of another." *People v. Clements, supra.*

## II.

Defendant next argues that the trial court erred by permitting cross-examination of defendant's brother regarding defendant's drinking habits. We disagree.

Under CRE 611(b), cross-examination is "limited to the subject matter of the direct examination and matters affecting the credibility of the witness" except that the "court may, in the exercise of discretion, permit inquiry into additional matters as if on direct examination." Here, the cross-examination about defendant's drinking habits was within the scope of direct examination regarding defendant's demeanor while drinking on the night of the assault and burglary. Even if the evidence were considered inadmissible character evidence, once the pertinent character trait had been raised by the defense on direct, it was subject to cross-examination by the prosecution under CRE 404(a)(1).

The trial court "has discretion to determine the scope and limit of cross-examination." Such a determination will not be disturbed in the absence of an abuse of that discretion. *People v. Homan,* 185 Colo. 56, 521 P.2d 1262 (1974). We will not disturb the proper exercise of the trial court's discretion in this case.

### III.

Defendant's final contention is that he was deprived of a fair trial by prosecution comments made during closing arguments. Again, we disagree.

The prosecution made the following comments regarding defendant's testimony:

"[Defense counsel] said that the Defendant—he admitted the defendant has an interest in this case. Do you think—how many times do you think in all the trials that are held all over the country where a Defendant has pled not guilty and put the People to the proof, how many times do you think a Defendant has gotten up on the stand when he testified and again, no burden, but how many times do you think he has gotten up and said, 'I did it?'

. . . .

I'm not commenting on failure to put on proof, but just think of that in terms of human nature. Do you think everybody who is tried all over the country is innocent? And that they get up and truthfully explain coincidences in every case?"

The prosecution may "with propriety comment on how well and in what manner a witness measures up to the tests of credibility set forth in the instruction[s]." *People v. Constant,* 645 P.2d 843 (Colo.1982). When a defendant has taken the stand to testify in his own defense his credibility is a "proper subject for the jury to consider." *People v. Constant, supra.*

The prosecution's comments before the jury here were references to the defendant's credibility. As such, those comments were proper and do not merit reversal.

Judgment affirmed.

ENOCH, C.J., and STERNBERG, J., concur.