The **PEOPLE** of the State of Colorado, Plaintiff-Appellee,

v.

**Richard Allen MATHES,** Defendant-Appellant.

No. 83CA0964.

Colorado Court of Appeals, Div. I.

Feb. 21, 1985.

Rehearings Denied March 21, 1985.

Certiorari Denied July 1, 1985.

**610**

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Peter Stapp, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, Colorado State Public Defender, Claire Levy, Deputy State Public Defender, Denver, for defendant-appellant.

BABCOCK, Judge.

Defendant, Richard Allen Mathes, appeals from the judgment of conviction entered upon jury verdicts finding him guilty of two counts of sexual assault on a child. We reverse and remand for new trial.

I.

Defendant's primary contention is that the trial court erred in denying his motions in limine to exclude testimony of a detective, a social services worker, a psychologist, and a pediatrician concerning out-of-court statements made to them by the four-year-old victim. The trial court relied solely on *People ex rel. W.C.L.*, 650 P.2d 1302 (Colo.App.1982) when it denied the motions at the conclusion of the in camera eviden-tiary hearing. Following defendant's trial, *W.C.L.* was reversed in *W.C.L. v. People*, 685 P.2d 176 (Colo.1984), in which the Colorado Supreme Court declined to adopt a residual hearsay exception similar to Fed. R.Evid. 803(24), as this court had done in affirming W.C.L.'s conviction.

The defendant argues that *W.C.L. v. People, supra*, is dispositive in that the trial court erred in admitting these witnesses' testimony concerning the victim's out-of-court statements. The People assert that, while the out-of-court declarations of the victim were inadmissible under *W.C.L. v. People, supra*, the trial court's findings and conclusions support admission of this evidence pursuant to § 13–25–129, C.R.S. (1984 Cum.Supp.). That statute became effective on May 25, 1983, six days before trial.

The trial court concluded upon supporting evidence that: The child's statements were reasonably reliable, trustworthy, and persuasive, and compelled the admission of that hearsay; the child would be emotionally unable to testify and was thus unavailable as a witness; and necessity was established because the primary issue was the identity of the perpetrator. In addition, testimony of the examining nurse and pediatrician as to the child's enlarged vaginal opening, similar transaction evidence regarding another child of the defendant, and an incriminating statement made by defendant provided corroborative evidence of the acts which were the subject of the child's statements. At the time of trial the out-of-court statements were otherwise inadmissible, and it is undisputed that the parties had reasonable notice of the People's intent to offer the statements and the particulars of the statements.

We conclude that the trial court ruled correctly that the evidence was admissible, *see* § 13–25–129, C.R.S. (1984 Cum.Supp.), although for the wrong reason. *See People v. Baca*, 193 Colo. 9, 562 P.2d 411 (1977).

However, the trial court did not separately instruct the jury pursuant to the require-

ments of § 13–25–129(2), C.R.S. (1984 Cum. Supp.). We hold that this omission constitutes reversible error.

Section 13–25–129(2), C.R.S. (1984 Cum. Supp.) provides as follows:

"(2) If a statement is admitted pursuant to this section, *the court shall instruct the jury that it is for the jury to determine the weight and credit to be given the statement and that, in making the determination, it shall consider the age and maturity of the child, the nature of the statement, the circumstances under which the statement was made, and any other relevant factor.*" (emphasis added)

Prior to the adoption of § 13–25–129(2), C.R.S. (1984 Cum.Supp.), Colorado courts, in addressing requests for special credibility instructions for a special class of witnesses, consistently ruled that a general instruction on witness credibility, like the one given here, is sufficient. *See People v. Estorga,* 200 Colo. 78, 612 P.2d 520 (1980) (victim of sexual assault on a child); *People v. Cunningham,* 194 Colo. 198, 570 P.2d 1086 (1977) (child); *People v. Palumbo,* 192 Colo. 7, 555 P.2d 521 (1976) (eyewitness); *Luna v. People,* 170 Colo. 1, 461 P.2d 724 (1969) (expectation of leniency by witness as a motive); *People v. Kelderman,* 44 Colo.App. 487, 618 P.2d 723 (1980) (credibility of paid police informant). The cases hold it to be within the trial court's discretion to refuse the more specific instruction. *See, e.g., People v. Cunningham, supra.*

■ The General Assembly is presumed cognizant of relevant judicial precedent on a subject when it enacts a statute on that subject. *Thompson v. People,* 181 Colo. 194, 510 P.2d 311 (1973); *Smith v. Miller,* 153 Colo. 35, 384 P.2d 738 (1963). Furthermore, there is a presumption that the word "shall" when used in a statute is mandatory. *People v. Clark,* 654 P.2d 847 (Colo.1982); *Sperry Rand Corp. v. Board of County Commissioners,* 31 Colo.App. 444, 503 P.2d 356 (1972). And, Colorado criminal statutes are to be construed strictly in favor of the accused. *People v. Roybal,* 618 P.2d 1121 (Colo.1980).

■ Hearsay is inadmissible unless deemed otherwise admissible by virtue of having a foundation of reliability, either by rule or statute. *See* CRE 801, 802, 803, 804; *W.C.L. v. People, supra.* Such evidence may even then be inadmissible if its admission would constitute a violation of defendant's constitutional right of confrontation. Also, as stated in *People v. Dement,* 661 P.2d 675 (Colo.1983):

"The confrontation right and hearsay rule stem from the same roots and are designed to protect similar interests based on the premise that testimony is much more reliable when given under oath at trial, where the declarant is subject to cross-examination and the jury may observe his demeanor."

Thus, it is apparent that the cautionary instruction mandated by § 13–25–129(2), C.R.S. (1984 Cum.Supp.) serves to enhance "the certainty of the jury verdict as well as the reliability of the deliberative process underlying the verdict." *See People v. Durre,* 690 P.2d 165 (Colo.1984).

■ Hence, in recognition of the suspect nature of hearsay evidence, and in obedience to the legislative mandate, we hold that in admitting out-of-court statements pursuant to § 13–25–129, C.R.S. (1984 Cum.Supp.), the trial court must instruct contemporaneously with the admission of the evidence pursuant to § 13–25–129(2), C.R.S. (1984 Cum.Supp.) and again in the court's general charge to the jury at the conclusion of the case. *See generally Stull v. People,* 140 Colo. 278, 344 P.2d 455 (1959). Accordingly the judgment of conviction must be reversed.

## II.

Because the case must be remanded for new trial and the defendant's remaining contentions of error are likely to recur, we address them.

## A.

Defendant argues that admission of the child's out-of-court declaration violated his

federal and state constitutional right of confrontation. We disagree.

Before an out-of-court declaration may be admitted pursuant to an exception to the hearsay rule over defendant's objection, the prosecution must establish that the evidence is necessary and that the witness is unavailable. *Ohio v. Roberts*, 448 U.S. 56, 100 S.Ct. 2531, 65 L.Ed.2d 597 (1980); *People v. Dement, supra.* Here, the key issue at trial was the identity of the perpetrator. The necessity of the child's out-of-court identification of her father as the perpetrator of these sexual assaults was established because there was no other eyewitness. *See W.C.L. v. People, supra.* And, the child is unavailable as a witness because of her age and emotional inability to testify. *See People v. Dement, supra.* Thus, we conclude that admission of the child's out-of-court statements under § 13–25–129, C.R.S. (1984 Cum.Supp.) does not violate defendant's constitutional right of confrontation.

### B.

The defendant next asserts that the trial court erred when it permitted the victim's older sister to testify concerning prior similar transactions for the purpose of establishing a common plan, scheme, or design and as to the key issue of identity. He argues that the evidence of the prior transactions was too remote and dissimilar to warrant admission of this evidence. We disagree with these contentions.

Evidence of offenses other than that for which the accused is being tried is admissible if it is offered for a valid purpose, is relevant to a material issue in the case, and has a probative value that outweighs its prejudicial effect. *People v. Honey*, 198 Colo. 64, 596 P.2d 751 (1979).

The trial court has substantial discretion in deciding the admissibility of evidence of a similar transaction and only where there is an abuse of discretion will that ruling be disturbed. *Pigford v. People*, 197 Colo. 358, 593 P.2d 354 (1979); *People v. Montoya*, 703 P.2d 606 (Colo.

App.1985). Likewise, proximity in space and time, and degree of similarity, are matters within the discretion of the trial court. *People v. Henry*, 195 Colo. 309, 578 P.2d 1041 (1978). And, it is necessary to consider the circumstances of each case and the nature of the acts shown in order to determine remoteness. *People v. Geller*, 189 Colo. 338, 540 P.2d 334 (1975).

Following an in camera hearing the trial court found that the evidence was offered for a valid purpose and was relevant to a material issue, and that the probative value of the evidence outweighed its prejudicial effect. *See People v. Flowers*, 644 P.2d 916 (Colo.1982). It found that the proffered evidence concerned incidents similar to the acts underlying the charges in the following respects: The witness was the daughter of the defendant, as was the victim; the incidents occurred while the mother was not present, either being out of the home or in some other part of the home; there were similar types of intrusion; and each daughter was young when the assaults began, *i.e.*, age six for the witness and age four for the victim.

The trial court acknowledged that a number of years had passed between the commencement of the acts with the older daughter and those involving the victim. However, it found that, in light of the family situation and the fact that the incidents occurred when the victim became about the same age as the witness, remoteness did not outweigh the probative value of this evidence.

These findings are supported by the record and will not be disturbed on review. *People v. Fish*, 660 P.2d 505 (Colo.1983). Thus, we conclude that the trial court did not err in admitting this testimony. *See People v. Montoya, supra.*

### C.

Defendant also claims that the trial court erred in admitting the opinion testimony of the pediatrician and the psychologist concerning their assessment of the capacity of children to fabricate claims of

sexual assault. Defendant's argument in this regard is without merit. *See W.C.L. v. People, supra; People v. Ashley,* 687 P.2d 473 (Colo.App.1984); CRE 702 and 704.

The judgment is reversed and the cause is remanded for new trial.

PIERCE and SMITH, JJ., concur.