The PEOPLE of the State of Colorado,
Plaintiff-Appellee,

v.

Lee Rudy LUCERO,
Defendant-Appellant.

No. 84CA0470.

Colorado Court of Appeals,
Div. I.

July 31, 1986.

Defendant testified that he had not had sexual contact with his daughter, that he was impotent and thus unable to perform the act charged. And, he testified that his daughter's accusations were lies.

## I

■ After the child and her mother testified, the People presented testimony from a social worker and the child's assistant principal concerning the personalities of the family members. The People then offered a psychologist employed by the Colorado Springs Police Department's Youth & Victims Service Division as "an expert in the field of psychology as it relates to incest victims and families and sexual abuse of children." Defendant accepted the witness as an expert in this field without objection. The witness offered no opinion whether the Luceros were a typical incest family or whether the child was credible.

Defendant contends, however, that it was error to allow the witness to testify to what she perceived to be the "typical incest family" because she had not interviewed any member of defendant's family, and, therefore, the testimony was not relevant. We disagree.

In *People v. Koon*, 724 P.2d 1367 (Colo. App.1986), regarding similar testimony from the same expert, we held:

"Here, the police psychologist was qualified without objection as an expert in the field of incest victim psychology. She rendered no opinion whether the stepdaughter was truthful in her report of the assaults, or whether the stepdaughter was a victim of child incest. Under these circumstances, we conclude that her testimony was admissible in the discretion of the trial court, and that its probative value is not outweighed by its prejudicial effect."

That analysis is applicable here.

## II

After the People rested, defendant moved for a judgment of acquittal based upon defendant's claim that the child's testimony failed to establish the time of the

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Cynthia Nimerichter, Asst. Atty. Gen., Denver, for plaintiff-appellee.

Cecil L. Turner, Pueblo, for defendant-appellant.

TURSI, Judge.

Defendant, Lee Rudy Lucero, appeals from the judgment of conviction entered on a jury verdict finding him guilty of sexual assault on a child. We affirm.

The prosecution's case was premised on the testimony of defendant's twelve-year-old daughter accusing him of having had sexual contact with her. By cross-examination of various witnesses for the People, defendant introduced evidence challenging the daughter's credibility.

claimed sexual abuse with adequate specificity. Although the trial court did not rule on this question when it was raised, it allowed the People to reopen for purposes of calling a police officer to testify to statements given to him by the child. Without objection, the police officer related statements given to him by the child which contained specific references to time, place, and acts. The People then rested, and the trial court denied defendant's motion for judgment of acquittal, apparently concluding that the evidence came in as prior consistent statements admissible because of the lack of consistency in the child's testimony.

 Defendant now contends the trial court erred in admitting this hearsay statement because it first failed to ascertain whether the testimony was being proffered pursuant to § 13–25–129, C.R.S. (1985 Cum.Supp.) and for failing to comply with the procedural protections of that statute. Since this contention is raised for the first time on this appeal, it must be treated under the standard of plain error.

 Section 13–25–129, C.R.S. (1985 Cum.Supp.) provides:

> "An out-of-court statement made by a child ... describing any act of sexual contact ... not otherwise admissible by a statute or court rule which provides an exception to the objection of hearsay, is admissible in evidence in any criminal ... proceeding in which the child is a victim of an unlawful sexual offense...."

If the hearsay statement is admitted pursuant to § 13–25–129, C.R.S. (1985 Cum. Supp.), a court must instruct the jury as required by § 13–25–129(2), C.R.S. (1985 Cum.Supp.). *People v. Mathes*, 703 P.2d 608 (Colo.App.1985). However, failure to object to proffered evidence at trial constitutes a waiver of the objection, and such objection may not thereafter be raised on appeal. Accordingly, we conclude that the error, if any, was waived by defendant's failure to raise a timely and specific objection and does not rise to the level of plain error. CRE 103(a)(1); *see People v. Watson*, 668 P.2d 965 (Colo.App.1983).

## III

 Defendant also argues that the trial court erred in denying his motion to require the child to submit to examination by a defense psychiatrist.

Defendant argues that the examination sought was important in determining the competency of the child. During the motion hearing on this issue, defendant made an offer of proof that the child was currently residing at the State Hospital and had been found incompetent to testify in a related case under the Colorado Children's Code. The trial court reviewed records from the State Hospital and from the related case and, based thereon, denied defendant's motion for psychiatric examination. These records were not made part of the record on appeal.

The psychiatric examination of an alleged victim should only be ordered when there is a compelling reason to do so, and whether to order such an examination is within the discretion of the trial court. *People v. Estorga*, 200 Colo. 78, 612 P.2d 520 (1980).

 When deciding such a motion, the court must balance the possible emotional trauma, embarrassment, or intimidation to the alleged victim against the likelihood of the examination producing material, as distinguished from speculative, evidence. *People v. King*, 41 Colo.App. 177, 581 P.2d 739 (1978). The fact that an alleged victim is under the care of a psychologist is merely one factor to consider and does not, by itself, negate the alleged victim's competency to testify. *People v. Piro*, 671 P.2d 1341 (Colo.App.1983).

Here, since the trial court, in exercising its discretion, did in fact balance valid conflicting interests in making its determination, we hold that it did not abuse its discretion.

## IV

 Defendant's final contention is that the trial court erred in failing to give *sua sponte* a limiting instruction concerning the

admission of evidence of other similar transactions. We disagree.

Pursuant to *Stull v. People*, 140 Colo. 278, 344 P.2d 455 (1959), the better practice is to give a contemporaneous limiting instruction whether requested or not. *People v. Scheidt*, 182 Colo. 374, 513 P.2d 446 (1973). However, failure to give *sua sponte* a limiting instruction is not plain error. *People v. White*, 680 P.2d 1318 (Colo.App.1984).

The judgment of conviction is affirmed.

BERMAN, J., concurs.

PIERCE, J., dissents.

PIERCE, Judge, dissenting.

I dissent on three grounds:

### I.

Defendant correctly perceived the expert witness' testimony regarding a "typical incest family" as irrelevant. As a general rule, evidence which tends to prove or disprove a fact in issue or which sheds light upon a matter contested is relevant. *People v. More*, 668 P.2d 968 (Colo.App.1983); CRE 401. However, evidence so remotely related to contested issues that it affords only conjectural inference should not be admitted into evidence. *People v. Botham*, 629 P.2d 589 (Colo.1981); *People v. More, supra.*

The trial court generally has broad discretion in determining whether tendered evidence meets the relevancy test. However, this discretion is not unlimited. *People v. Lowe*, 660 P.2d 1261 (Colo.1983).

There are two avenues of inquiry regarding relevancy. The first question is whether the tendered evidence in some degree advances the inquiry of the case: whether it is material and probative. However, probative significance does not insure admissibility. There remains the question of whether its value is worth what it costs. *See McCormick on Evidence* § 185 at 544 (3d ed. 1984). For example, relevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury. CRE 403. In addition, there are limitations on character evidence pursuant to CRE 404(a)(1).

Here, the expert testimony was probative of the characteristics exhibited by some or even by many families which experience incest-related problems, but it is not of consequence to the determination of whether this defendant committed the sexual assault with which he was charged. *See McCormick on Evidence* § 185 (3d ed. 1984). The facts of significance to this case concern the actions of the defendant. Characteristics or actions by people who are strangers to this case do not bear on a determination of the charges against defendant. *See generally Conrad v. City & County of Denver*, 656 P.2d 662 (Colo. 1982); *People v. Gallegos*, 644 P.2d 920 (Colo.1982). Contrast *People v. Koon*, 724 P.2d 1367 (Colo.App.1986), where there was testimony connecting expert opinions regarding unique child-incest patterns with the observed behavior of the child-victim. No similar connecting evidence is present in the case at bar.

The prosecution here did not relate the general testimony about the profile of an "incest father" and the bearing of those characteristics to the defendant here except in its rebuttal argument. Thus, the testimony of the expert was a cause for conjecture by the jury that defendant had acted in conformity with the general characteristics described by the expert. Such testimony is inadmissible. *See People v. Botham, supra;* CRE 404(a).

It is evident that the prosecution attempted, in a round-about manner, to provide evidence of a trait of defendant's character. Such evidence "is not admissible for the purpose of proving that [defendant] acted in conformity therewith on a particular occasion." CRE 404(a).

The United States Supreme Court explained the common-law rule prohibiting use of character evidence when it held:

> "Courts that follow the common-law tradition almost unanimously have come to disallow resort by the prosecution to any

kind of evidence of a defendant's evil character to establish a probability of his guilt. Not that the law invests the defendant with a presumption of good character ... but it simply closes the whole matter of character, disposition and reputation on the prosecution's case-in-chief.... The overriding policy of excluding such evidence, despite its admitted probative value, is the practical experience that its disallowance tends to prevent confusion of issues, unfair surprise and undue prejudice." *Michelson v. United States*, 335 U.S. 469, 69 S.Ct. 213, 93 L.Ed. 168 (1948).

Other jurisdictions have ruled that it is error to admit testimony that a parent fits a "battering parent" profile, because to allow this testimony may lead a jury to penalize a defendant for being a "bad" person and unfairly requires a defendant to defend his personality. *State v. Loebach*, 310 N.W.2d 58 (Minn.1981); *see also Sanders v. State*, 251 Ga. 70, 303 S.E.2d 13 (1983).

Character evidence of an accused may be properly admitted when such evidence is offered by an accused or by the prosecution to rebut the same. CRE 404(a)(1); *cf. People v. Lucero*, 677 P.2d 370 (Colo.App. 1983). However, this exception is not applicable to the case at bar.

Trial court errors do not require reversal unless they affect the substantial rights of a defendant. Crim.P. 52(a). In determining whether substantial rights of a defendant have been affected by a trial court error, the proper inquiry is whether the error substantially influenced the verdict or affected the fairness of the trial proceedings. *People v. Quintana*, 665 P.2d 605 (Colo.1983).

Here, the key to the case was the credibility of the victim. *See People v. Hampton*, (Colo.App. No. 85CA0019, June 5, 1986). To buttress that credibility, the prosecution's case was built around presenting evidence that all members of the defendant's family fit the behavioral profile described by the expert witness.

Because the testimony of the child-victim was confused and at times inconsistent with prior statements given to investigators, the erroneous evidence was a crucial part of the case as it added credibility to the victim's testimony. There is no doubt that the extensive nature of the expert's testimony, and its use by the prosecutor in rebuttal argument, substantially influenced the proceedings, and thus, it cannot be deemed harmless error. Accordingly, I would reverse the judgment of conviction.

## II.

In addition, given the focus of the case on the child victim's credibility, the trial court's failure to instruct the jury as required by § 13–25–129(2), C.R.S. (1985 Cum.Supp.) was also reversible error. *See People v. Mathes*, 703 P.2d 608 (Colo.App. 1985).

The statements of the child-victim related directly to her recitation of the incident to the police officer, and the record demonstrates they were offered to prove the truth of the incident. Thus, the statements were hearsay. CRE 801(c). Nothing in the record identifies an exception to the hearsay rule which would make the statements otherwise admissible. *See* CRE 803 and CRE 804. Therefore, admission of the statements could only be pursuant to § 13–25–129(1), C.R.S. (1985 Cum.Supp.), which changes the rules of evidence and admits hearsay statements "made by a child ... not otherwise admissible by a statute or court rule which provides an exception to the objection of hearsay...."

If statements are admitted pursuant to that statute, it mandates the court to "instruct the jury that it is for the jury to determine the weight and credit to be given the statement[s] and that in making the determination, it shall consider the age and maturity of the child, the nature of the statement[s], the circumstances under which the statement[s] [were] made, and any other relevant factor." Section 13–25–129(2), C.R.S. (1985 Cum.Supp.); *People v. Mathes, supra.* Omission of this instruc-

tion is reversible error. *People v. Mathes,* *supra.*

Because the statute places the burden on the court to instruct the jury under such circumstances as here, defendant's failure to object to the statements or his failure to request the instruction does not forgive the error. Furthermore, *People v. Watson,* 668 P.2d 965 (Colo.App.1983) is inapplicable here because there not only was the jury issued a limiting instruction, but also the instruction there in question was not mandatory.

### III.

Finally, the trial court erred in denying defendant's motion to require the child victim to submit to an examination by a defense psychiatrist. The trial court here failed to make any findings in support of its decision to deny defendant's motion. *See People v. Coca,* 39 Colo.App. 264, 564 P.2d 431 (1977). Thus, there being nothing in the record indicating that the trial court balanced the requisite considerations, it cannot be said, with the ease which the majority asserts, that the trial court did not abuse its discretion.

The child victim here was committed to the state hospital by a prior court order and had, thus, undergone other prior and similar examinations. In addition, she was unable to testify in a related Children's Code case, which was as a result dismissed. Therefore, it cannot be concluded that the possible emotional trauma or intimidation to the child victim here would be so great as to outweigh the likelihood that the examination would produce material evidence. *See People v. Neely,* 228 Cal.App.2d 16, 39 Cal.Rptr. 251 (1964) (victim was an inmate of a state mental hospital). Under the circumstances of this case, defendant presented sufficient evidence to show that there was a compelling reason for the psychiatric examination. *Cf. People v. King,* 41 Colo.App. 177, 581 P.2d 739 (1978). Therefore, the trial court erred in denying defendant's motion.

I would grant a new trial on the basis of these errors.