The PEOPLE of the State of Colorado, Plaintiff-Appellee,

In the Interest of T.S. and T.M., Children,

and Concerning G.M., a/k/a A.N.J., Respondent-Appellant.

No. 88CA1180.

Colorado Court of Appeals, Div. I.

June 1, 1989.

Rehearing Denied June 29, 1989.

Certiorari Denied Oct. 10, 1989.

Alan N. Hassler, Grand Junction, for plaintiff-appellee.

Justin D. Kirk, Grand Junction, Guardian Ad Litem.

LaCroix, Croker, Kain & Alvillar, P.C., James R. Alvillar, Grand Junction, for respondent-appellant.

Opinion by Judge TURSI.

G.M., mother, appeals from the judgment terminating her parent-child legal relationship with her children, T.S. and T.M. We affirm.

Since at least 1979, mother has suffered from mental illness at times diagnosed as schizophrenia, manic depression, bipolar disorder, and schizo-affective. She has been subject to psychotic episodes during which she suffered delusions and hallucinations, and exhibited bizarre and irrational behavior. In September 1985, when T.S. was three years old and mother was seven months pregnant with T.M., she took him from their home to "flee the devil." Mother and T.S. were found on the side of an interstate highway clad in pajamas. A dependency and neglect action on behalf of T.S. was filed at that time.

Six days after T.M. was born in November 1985, she was found, early one morning, lying on the ground by a public building in Grand Junction. T.M. was only lightly clad although the temperature was near freezing. Mother was nearby and was "irrational." As a result, the pending dependency and neglect action was amended to include T.M.

Subsequently, mother stipulated to a treatment plan which included treatment by a physician to monitor her blood levels in order to determine appropriate treatment and medicines for her mental illness. The treatment plan also required therapy, visitation with the children, and community support programs. At a subsequent review, monitoring for substance abuse was added.

Mother did not comply with the treatment plan in that she failed to take medication for her mental illness and discontinued therapy against advice. At times when she was not taking her medicine, she suffered additional psychotic episodes and was involuntarily hospitalized.

At the termination hearing, mother objected to the physician's testimony as a violation of the patient-physician privilege. The trial court ruled that the physician could testify as to his care of mother as required under the treatment plan and that if his testimony went outside that, mother should renew the objection. Mother did not object again to any portion of the physician's testimony. At the end of the hearing, the trial court terminated mother's

parent-child legal relationship with both children.

## I.

Mother first contends that the trial court erred in admitting the testimony of the physician in violation of the patient-physician privilege. We disagree.

The patient-physician privilege against testifying is codified at § 13–90–107(1)(d), C.R.S. (1987 Repl.Vol. 6A). However, § 19–3–311, C.R.S. (1988 Cum.Supp.) provides that "privileged communication between patient and physician ... shall not be a ground for excluding evidence in any judicial proceeding resulting from a report pursuant to this part 3." Part 3 is the Dependency and Neglect article of the Children's Code, and includes dependency and neglect proceedings and termination of the parent-child legal relationship. Thus, the patient-physician privilege cannot be invoked to prevent a physician's testimony in a case involving an abused or neglected child. *See People v. Corbett*, 656 P.2d 687 (Colo.1983) (marital privilege; decided under predecessor of § 19–3–311).

Here, the children were reported to be neglected and possibly in danger from mother's irrational behavior. That report of abused or neglected children qualifies as a "report pursuant to this part 3," and led to judicial proceedings culminating in the termination hearing. Therefore, the trial court did not err in admitting the physician's testimony.

## II.

Mother also contends that the trial court erred in admitting various police records relating to her arrest for violation of § 42–4–702, C.R.S. (1984 Repl.Vol. 17) and § 42–4–105, C.R.S. (1988 Cum.Supp.). At trial, she objected on grounds of hearsay and lack of foundation. Now she argues for the first time that § 42–4–1508, C.R.S. (1984 Repl.Vol. 17) prohibits the admission of traffic violations.

Because mother failed to object in the trial court on the grounds now asserted, she is deemed to have waived any objection and cannot raise it on appeal. *See People v. Watson*, 668 P.2d 965 (Colo.App.1983).

Judgment affirmed.

PIERCE and HUME, JJ., concur.