25CA0930 Peo in Interest of JEO 01-08-2026

COLORADO COURT OF APPEALS

Court of Appeals No. 25CA0930
El Paso County District Court No. 24JV30575
Honorable Robin Chittum, Judge

The People of the State of Colorado,

Appellee,

In the Interest of J.E.O., a Child,

and Concerning K.O.,

Appellant.

JUDGMENTS AFFIRMED

Division IV
Opinion by JUDGE JOHNSON
Harris and Schock, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced January 8, 2026

Kenneth R. Hodges, County Attorney, Melanie E. Gavisk, Assistant County
Attorney, Colorado Springs, Colorado, for Appellee

Josi McCauley, Guardian Ad Litem

Ainsley Baum, Office of Respondent Parents' Counsel, Denver, Colorado, for
Appellant

¶ 1     In this dependency and neglect action, K.O. (mother) appeals (1) the judgment entered on a jury's verdict adjudicating J.E.O. (the child) dependent and neglected and (2) the judgment allocating parental responsibilities.  We affirm.

## I.     Background

¶ 2     There was no referral or report of concern about the child's wellbeing.  Instead, the intake caseworker encountered the child while attempting to take physical custody of another child.  Nevertheless, the El Paso County Department of Human Services (Department) filed a petition in dependency or neglect, alleging concerns about mother's past substance dependence, criminal activity, and prior involvement with the Department.  Mother requested a jury trial.

¶ 3     After a two-day trial, the jury returned special verdicts finding the child dependent and neglected under sections 19-3-102(1)(b) and (c), C.R.S. 2025.

¶ 4     After the adjudication, mother moved for an allocation of parental responsibilities (APR).  By agreement of the parties, the court granted primary residential custody of the child to J.O. and

D.Y. (the maternal grandparents) and joint decision-making responsibility to mother and the maternal grandparents.

## II. Jury Issues at the Adjudicatory Trial

¶ 5 Mother first contends that the juvenile court erred by failing to ask the jury if they had questions for the first witness (mother's probation officer) as required by C.R.C.P. 47(u). Mother concedes, and we agree, that this issue was not preserved.

¶ 6 At the conclusion of the probation officer's testimony, the juvenile court began to give the Department leave to call their next witness. Mother interrupted — not to inquire about jury questions or to object to calling the next witness but rather to release the probation officer from her subpoena. Under these circumstances, this issue is not properly before us, and we will not address it. *People in Interest of T.S.*, 781 P.2d 130, 132 (Colo. App. 1989) ("Because mother failed to object in the trial court on the grounds now asserted, she is deemed to have waived any objection and cannot raise it on appeal.").

¶ 7 Next, mother contends that the court erred by instructing the jurors that they could accept that she "submitted urinalyses which were positive for methamphetamine" on certain dates as an

established, proven fact. Although mother's lawyers initially objected to the instruction, they both ultimately agreed that the court could instruct the jury that the positive urinalyses constituted an "established" fact. We will not review the inclusion of this instruction when mother agreed to it at trial. *People in Interest of N.A.T.*, 134 P.3d 535, 537 (Colo. App. 2006).

### III. Admission of Mother's Urinalysis Results from Probation

¶ 8 Mother next contends that the juvenile court erred by admitting unconfirmed urinalysis screening reports from probation because doing so contradicted a standing juvenile court order. We consider and reject this claim.

#### A. Standard of Review and Applicable Law

¶ 9 We review a juvenile court's evidentiary rulings for an abuse of discretion. *M.A.W. v. People in Interest of A.L.W.*, 2020 CO 11, ¶ 32. A court abuses its discretion when its decision is manifestly arbitrary, unreasonable, or unfair, or when it misapplies the law. *People in Interest of A.N-B.*, 2019 COA 46, ¶ 9.

¶ 10 Hearsay is a statement other than one made by the declarant while testifying at the trial or hearing, offered into evidence to prove the truth of the matter asserted. CRE 801(c). Hearsay is

inadmissible except as provided by statute or rule. CRE 802. One such exception is for "records of regularly conducted activity," which may be established either by testimony or certification. CRE 803(6); *see* CRE 902(11), 902(12).

### B.    Analysis

¶ 11    At the jury trial, the Department anticipated offering laboratory reports into evidence. Such reports documented the results of several urinalysis screenings that mother completed as part of her probation sentence (the UA Reports). A custodian of records attested to the true and accurate nature of the UA Reports via an attached affidavit. Mother objected to the admission of the UA Reports. After hearing arguments at the pretrial conference, the juvenile court admitted the UA Reports as self-authenticating business records under CRE 803(6).

¶ 12    The adjudicatory jury trial began the next day in front of a different judicial officer. Mother renewed her objection to the admission of the UA Reports and, for the first time, asserted that their admission was "not allowed" under an "amendment to [the] presiding juvenile judge order" entered ten years before. The juvenile court determined that the newly-discovered ten-year-old

order created a presumption that unconfirmed tests would not be considered reliable, but found the presumption was properly overcome at the pretrial conference. The juvenile court then reaffirmed the admission of the UA Reports.

¶ 13    Mother claims that, at the pretrial conference, the juvenile court "did not [make a] conclu[sion]" concerning "the reliability of [the] unconfirmed UA screenings." But mother also concedes that the court "found that the UA screens were admissible pursuant to CRE 803(6), as business records." Mother does not explain how the court could have done so without, at least implicitly, finding that the screenings were reliable. *See People v. Tran*, 2020 COA 99, ¶ 29 ("[B]usiness records are presumptively reliable."). We therefore discern no abuse of discretion in the juvenile court's determination the next day that the court's admissibility finding made at the pretrial conference was sufficient to overcome any standing presumption of unreliability created by the juvenile judge's ten-year-old order.

¶ 14    Mother also contends that the Department misrepresented the pretrial ruling when it argued at the adjudicatory trial that the screenings were found admissible pursuant to C.R.C.P. 36(a). We

agree that the Department made this representation and that it was inaccurate. But because the court did not rely on the Department's misrepresentation, the court did not err.

## IV. The APR Judgment

¶ 15 Mother contends that the APR judgment should be vacated "because the adjudication and dispositional orders should be vacated." Because mother conditions this claim on her other claims and we discern no error in the adjudicatory judgment or dispositional order based on the claims that she raises, this claim must also fail. And mother does not develop her argument against the APR judgment any further. *People In Interest of S.Z.S.*, 2022 COA 105, ¶ 29, (we will not consider arguments when a parent "develops no legal or factual argument in support of th[e] assertion").

## V. Conclusion

¶ 16 The judgments adjudicating the child dependent and neglected and allocating parental responsibilities are affirmed.

JUDGE HARRIS and JUDGE SCHOCK concur.